**In re Stephen Hull Lawrence SNELL, Debtor.**

**Armando Cuervo, et al., Plaintiffs,**

**v.**

**Stephen Hull Lawrence Snell, Defendant,**

**and**

**In re Stephen H. L. Snell, Debtor.**

**Frederick M. Luper, Trustee, Plaintiff,**

**v.**

**Stephen H. L. Snell, Defendant.**

**Bankruptcy No. 97–61897.
Adversary Nos. 98–0352, 98–0354.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 1, 1999.

729

Robert J. Sidman, Randall D. LaTour, Vorys, Sater, Seymour & Pease, Columbus, OH, for Cuervos.

Kenneth M. Richards, Luper, Sheriff & Neidenthal, Columbus, OH, for Luper.

Grady L. Pettigrew, Jr., Arter & Hadden, LLP, Columbus, OH, for Snell.

## OPINION AND ORDER ON COMPLAINTS OBJECTING TO DISCHARGE

BARBARA J. SELLERS, Bankruptcy Judge.

These proceedings are before the Court on the complaints objecting to discharge filed by Frederick M. Luper, the chapter 7 trustee, and Armando Cuervo, Andrew Cuervo, Christina Cuervo, and Cathy Cuervo (the "Cuervos"). These proceedings were consolidated for trial and were tried to the Court on July 12, 1999.

This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. These are core proceedings which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(J). The following constitutes this Court's findings of fact and conclusions of law as mandated by Bankruptcy Rule 7052.

Stephen H. L. Snell (the "debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on August 20, 1997, in the United States Bankruptcy Court for the Middle District of Florida. The Florida bankruptcy court, upon motion, transferred the debtor's case to this Court on October 15, 1997. Following notice and hearing, this Court subsequently converted the debtor's case to one under chapter 7 on April 6, 1998. Frederick M. Luper was appointed the trustee for the chapter 7 case.

The Cuervos commenced a timely adversary proceeding on September 9, 1998, objecting to the debtor's discharge pursuant to 11 U.S.C. § 727(a). The following day, the chapter 7 trustee also filed a timely complaint objecting to the debtor's discharge.

Title 11, United States Code, Section 727(a) provides in pertinent part:

The court shall grant a discharge, unless-

. . . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed-

(A) property of the debtor, within one year before the date of the filing of the petition. . . .

11 U.S.C. § 727(a)(2)(A).

 To prevail on their claims under this section, the Cuervos and the chapter 7 trustee must prove each element by a preponderance of the evidence. *Barclays/American Business Credit, Inc. v. Adams (In re Adams)*, 31 F.3d 389, 394 (6th Cir.1994), *cert. denied*, 513 U.S. 1111, 115 S.Ct. 903, 130 L.Ed.2d 786 (1995). The elements to be established include:

1. that the act complained of was done at a time subsequent to one year prior to the petition date;
2. that the debtor had actual intent to hinder, delay or defraud a creditor;
3. that the debtor committed, or caused to be committed, the act in question; and
4. that the act consisted of the transfer, removal, destruction or concealment of any of the debtor's property.

*Nate B. and Francis Spingold Foundation, Inc. v. Halperin (In re Halperin)*, 215 B.R. 321, 328 (Bankr.E.D.N.Y.1997).

There is no dispute that in the year prior to his bankruptcy filing the debtor transferred, or caused to be transferred, numerous items of his real and personal property. These transfers included (1) the transfer of the debtor's residence in Santa Fe, New Mexico, to Rock Financial, Inc.; (2) the transfer of the debtor's real property located on Dataw Island, South Carolina, to Rock Financial, Inc.; (3) the sale of business assets of Moneymetrics Agency, Inc. to Kirk and Susan Andersen; (4) the transfer of a condominium located at 219 St. Pierre, Worthington, Ohio, by Moneymetrics Agency, Inc. to the Nini Raabe Trust; (5) the transfer of numerous household goods, furnishings, and artwork to Nini Raabe individually; (6) the transfer of money to Nini Raabe to establish a checking account at State Savings Bank in her name for the use and benefit of the debtor; (7) the transfer of funds to Nini Raabe to establish an offshore account in the name of the Nini Raabe Trust; and (8) the transfer of certain insurance policies and an annuity to John Bennett.

■ The only element to be tried was the debtor's actual intent to hinder, delay, or defraud a creditor. Because § 727(a)(2) is in the disjunctive, it is unnecessary for the Cuervos and the chapter 7 trustee to prove fraud so long as they can establish the debtor's intent to hinder or delay. *Huntington National Bank v. Schwartz-man (Matter of Schwartzman)*, 63 B.R. 348, 360 (Bankr.S.D.Ohio 1986).

■ The evidence of the debtor's actual intent adduced at trial consisted in large part of the debtor's live testimony, both on direct and cross-examination, as well as excerpts from the debtor's prior testimony at his 341 meeting of creditors; depositions held on March 5, 1998, and March 10, 1999; and various court hearings. In each instance, the debtor admitted that at least one of the purposes of the transfers was to put his assets out of the reach of the Cuervos, who had obtained a judgment against him for some $425,000. *See* Deposition of Stephen H. L. Snell March 5, 1998 pp. 12–13, 33–34, 46; Transcript of Proceedings on Motion to Convert March 26, 1998 pp. 47–48, 97; Transcript of 341 Meeting May 12, 1998 pp. 48, 61, 63–64; Transcript of Proceedings on Objections to Debtor's Claims of Exemption December 8, 1998 pp. 39–42; Deposition of Stephen H. L. Snell March 10, 1999 pp. 89, 92, 95–103, 122–23, 130–31, 133–34; as well as the yet to be transcribed trial proceedings on July 12, 1999.

The debtor argues that his actual intent to hinder or delay the Cuervos is negated by the fact that his former attorneys advised him to undertake the transfers and, in many cases, actually prepared the legal paperwork necessary for the transfers. Although the attorneys themselves did not testify, the debtor's unrebutted testimony established that such advice was given with respect to a majority of the transfers. As for those transfers on which his attorneys did not specifically advise him, the debtor testified that the attorneys were aware of them and that these transfers were part of an overall plan developed by the attorneys.

■ Courts have held that actual intent to hinder or delay a creditor can be negated by reliance upon the advice of an attorney. *See, e.g., First Beverly Bank v. Adeeb (In re Adeeb)*, 787 F.2d 1339, 1343 (9th Cir.1986). The debtor's reliance, however, must be in good faith. *Id.* A finding

that the debtor knew that the purpose of the transfers was to hinder or delay a creditor is inconsistent with good faith and precludes the debtor's assertion of this defense even where he is otherwise innocent of any improper purpose. *Id.*

The Court finds by overwhelming evidence that the debtor knew the purpose of the transfers was to hinder or delay the Cuervos. That fact ends the inquiry here and renders unnecessary any discussion as to whether the debtor's rationale for placing his assets beyond the reach of the Cuervos supports his innocence of any otherwise improper purpose. The language of § 727(a)(2)(A) is clear and under this provision the debtor is not entitled to a discharge.

Based on the foregoing, the debtor's discharge shall be DENIED pursuant to 11 U.S.C. § 727(a)(2)(A). In light of this determination, the Court need not decide whether the debtor would also be ineligible for a discharge under § 727(a)(4) for making false oaths or for any other ground listed in § 727(a).

IT IS SO ORDERED.