# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 02-6023MN

---

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Thomas Michael Sendecky, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Floret, L.L.C., | * | Appeal from the United States |
| Michele Lea Eggert, | * | Bankruptcy Court for the |
| | * | District of Minnesota |
| Plaintiffs-Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| Thomas Michael Sendecky | * | |
| | * | |
| Defendant-Appellee. | * | |

---

Submitted:  September 10, 2002
Filed: October 10, 2002

---

Before KOGER, SCHERMER, and FEDERMAN, Bankruptcy Judges

FEDERMAN, Bankruptcy Judge

---

Plaintiff/appellants Floret, L.L.C. and Michele Lea Eggert (Appellants) appeal an order of the bankruptcy court[1] granting debtor Thomas M. Sendecky a discharge

---

[1]The Honorable Nancy C. Dreher, United States Bankruptcy Judge for the District of Minnesota.

and denying Appellants' motion for sanctions based upon the inadequacy of Mr. Sendecky's pre-trial brief. While this appeal was pending, Appellants filed a motion for sanctions with this Panel, based on statements contained in Mr. Sendecky's appellate brief. For the reasons set forth below, we affirm the rulings of the bankruptcy court, and we also grant Appellants' post-trial motion for sanctions.

## ISSUES

There are three issues before us. Appellants argue that the bankruptcy court committed reversible error by granting Mr. Sendecky a discharge despite Appellant's allegations that he failed to keep adequate records, and that he failed to satisfactorily explain a deficiency of assets. They also appeal the bankruptcy court's denial of sanctions for the inadequacy of Mr. Sendecky's pre-trial brief. Finally, Appellants ask for sanctions based upon counsel for Mr. Sendecky's alleged "malicious and libelous falsehood" contained in his appellate brief. We conclude that the bankruptcy court did not commit reversible error when it found that Appellants failed to sustain their burden of proof as to the 11 U.S.C. § 727(a)(2) and (4) Counts. We also conclude that the bankruptcy court did not commit reversible error when it found that Mr. Sendecky's failure to keep adequate books and records was justified under the circumstances. We further conclude that the bankruptcy court did not commit reversible error when it found that Mr. Sendecky adequately explained any deficiency of assets alleged by Appellants.

We conclude that the bankruptcy court did not abuse its discretion when it failed to award sanctions for the alleged inadequacy of Mr. Sendecky's pre-trial brief. We also conclude, however, that Mr. Sendecky's appellate brief did contain a statement that is unbecoming to a member of the bar. As such, we grant Appellants' post-trial motion for sanctions.

# BACKGROUND

At one time, Mr. Sendecky operated a family construction business, Sendecky Concrete, Inc. While engaged in that business, Mr. Sendecky installed some flooring for Appellants. On June 5, 2001, the District Court of Hennepin County, Minnesota entered judgment in the amount of $16,253.19 in favor of Appellants for Mr. Sendecky's breach of an oral contract to properly install the flooring. On June 18, 2001, Appellants served a Notice of Garnishment on Mr. Sendecky's employer, and on June 25, 2001, Mr. Sendecky filed a Chapter 7 bankruptcy petition.

On September 24, 2001, Appellants filed an adversary proceeding objecting to Mr. Sendecky's discharge. Appellants filed the Complaint in four Counts: Count I, Violation of 11 U.S.C. § 727(a)(2); Count II, Violation of 11 U.S.C. § 727(a)(3); Count III, Violation of 11 U.S.C. § 727(a)(4)(A); and Count IV, Violation of 11 U.S.C. § 727(a)(4)(B).[2] In his opening statement at the trial, however, Appellants' counsel indicated that in Count IV he intended to proceed under 11 U.S.C. § 727(a)(5). [3] For purposes of this appeal, we find that Appellants sufficiently, if inartfully, pled an 11 U.S.C. § 727(a)(5) Count.

# STANDARD OF REVIEW

We review a bankruptcy court's conclusions of law de novo and its findings of fact for clear error.[4] We will not, however, overturn a bankruptcy court's factual

---

[2]We note that 11 U.S.C. § 727(a)(4)(B) provides that the court will not grant a debtor a discharge if the debtor "knowingly and fraudulently, in or in connection with the case . . . presented or used a false claim." Count IV of the Complaint, however, requests relief for debtor's failure to satisfactorily explain any loss of assets or deficiency of assets. That request should have been pled pursuant to 11 U.S.C. § 727(a)(5).

[3]Trial Transcript, Appellants' Appendix 318 at 325.

[4]*Korte v. United States of America Internal Revenue Service (In re Korte)*, 262 B.R. 464, 469 (8th Cir. B.A.P. 2001).

findings as clearly erroneous unless, on the basis of all of the evidence, we are left with a "definite and firm conviction that a mistake has been committed."[5] We review a bankruptcy court's denial of a motion for sanctions for an abuse of discretion.[6]

## DISCUSSION

The denial of a debtor's discharge is a "harsh sanction," therefore, the provisions of 11 U.S.C. § 727(a) are "strictly construed in favor of the debtor."[7] The burden of proof is on the objecting party to prove each element of a section 727 Complaint by a preponderance of the evidence.[8] Appellants argue that the bankruptcy court committed reversible error by ruling in favor of Mr. Sendecky on all four Counts of their Complaint. We will address each Count in turn.

## 11 U.S.C. § 727(a)(2)(A)

Section 727(a)(2)(A) provides that the court should deny a debtor a discharge if he concealed assets that might otherwise be made available to satisfy the claims of creditors:

(a) The court shall grant the debtor a discharge, unless–

. . .

---

[5]*Id. citing Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511, 84 L. Ed. 2d 518 (1985).

[6]*Eastern Equipment and Serv. Corp. v. Factory Point Nat'l Bank, Bennington*, 236 F.3d 117, 120 (2nd Cir. 2001).

[7]*Korte*, 262 B.R. at 471 (citations omitted).

[8]*Id.*

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed–

(A) property of the debtor, within one year before the date of the filing of the petition.[9]

Appellants alleged that Mr. Sendecky concealed a Corvette and a "diamond grinder." At the trial, however, one of the plaintiffs admitted that the Corvette belonged to Mr. Sendecky's father. The bankruptcy court correctly found that a debtor cannot conceal assets that do not belong to him. As to the diamond grinder, the bankruptcy court found that Appellants failed to prove that Mr. Sendecky owned such a piece of equipment, or what the value of such a piece of equipment might be. Based upon these factual findings, we affirm the bankruptcy court as to the 11 U.S.C. § 727(a)(2)(A) Count.

## 11 U.S.C. § 727(a)(3)

Section 727(a)(3) provides that the court will deny a debtor a discharge if he unjustifiably fails to keep adequate records:

(a) The court shall grant the debtor a discharge, unless–

. . .

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act

---

[9] 11 U.S.C. § 727(a)(2)(A).

or failure to act was justified under all of the circumstances of the case.[10]

The bankruptcy court found that Mr. Sendecky did not keep adequate business records.[11]  As a result, the burden of production shifted to him to offer some justification for his "sloppy record keeping."[12] But he did produce his income tax returns, his checking account records, and some credit reports. The court further found that once the plaintiff proves the records are inadequate, the burden of production "shifts to the debtor to prove that the failure to keep adequate records was justified under the circumstances."[13] In order to determine if the failure was justified, the trial court must first determine what records someone in like circumstances to Mr. Sendecky would keep.[14]The bankruptcy court found that Mr. Sendecky was poorly educated, that he had no sophistication, that he had little business experience, that he still lived at home with his parents, and that he had neither the motivation nor the ability to keep better records than those he provided. The bankruptcy court, thus, found that someone with Mr. Sendecky's education, business experience, and personal financial structure, operating a business the size of Sendecky Concrete, Inc., could not be expected to keep professional business records. Given these inadequacies, and the fact that an 11 U.S.C. § 727(a)(3) Count does not require proof of intent,[15] the bankruptcy court found that the Mr. Sendecky was justified in maintaining the records he provided, even if they were inadequate. We cannot find

---

[10]11 U.S.C. § 727(a)(3).

[11]Trail Transcript, Appellants' Appendix, pg. 462.

[12]*Miller v. Pulos (In re Pulos)*, 168 B.R. 682, 690 (Bankr. D. Minn. 1994).

[13]*Id.*

[14]*Id.* at 692.

[15]*See Pulos*, 168 B.R. at 692.

that these factual findings are clearly erroneous, therefore, we affirm as to the section 727(a)(3) Count.

## 11 U.S.C. § 727(a)(4)

Section 727(a)(4) grants the bankruptcy court the authority to deny a debtor's discharge if he intentionally made a misrepresentation in connection with his bankruptcy case:

(a) The court shall grant the debtor a discharge, unless–

. . .

(4) the debtor knowingly and fraudulently, in connection with the case–

(A) made a false oath or account.[16]

Appellants argue that the bankruptcy court committed clear error when it refused to find that Mr. Sendecky failed to accurately fill out his schedules. Appellants allege that Mr. Sendecky duplicated some claims of creditors, and listed some debts that were no longer collectible because the statute of limitations had run. The also alleged that he listed a debt from his parents for $170,000, when his parents had never demanded payment. The bankruptcy court found that the Code requires "nothing less than full and complete disclosure of any and all apparent interests of any kind."[17] In *Korte v. United States of America Internal Revenue Service*,[18] we held that in order for a false statement, made in connection with a case, to bar a debtor's discharge, the

---

[16]11 U.S.C. § 727(a)(4).

[17]Appellant's Appendix, Tr. Transcript, pg. 466.

[18]262 B.R. 464 (8th Cir. B.A.P. 2001).

7

statement must be both material and made with intent.[19] The bankruptcy court found that Mr. Sendecky did, indeed, duplicate some claims, but that he did so on the advice of his counsel. Mr. Sendecky stated that his counsel advised him to list all debts, both those of Sendecky Concrete, Inc. and himself personally. He stated that he duplicated some debts because he obtained the debts from his credit reports, and the credit reports duplicated some of the debts.

The bankruptcy court found that Mr. Sendecky followed his counsel's advice in listing his debts, and that mistaken reliance on counsel's advice can excuse fraudulent intent. In *Kaler v. McLaren (In re McLaren),*[20] the court held that reliance on an attorney's advice, if the advice is reasonable, may "excuse acts that otherwise bear indicia of fraud."[21] The bankruptcy court also found that there was ample evidence in the record that Mr. Sendecky's parents did, indeed, loan him $170,000, plus other funds, therefore, he did not materially misrepresent that debt.[22] The bankruptcy court further found that there was no evidence in the record that Mr. Sendecky did not fully inform his counsel, or that Mr. Sendecky's counsel offered unreasonable advice. We, therefore, find that the bankruptcy court did not err in finding that Mr. Sendecky's discharge should not be denied based upon Appellants' section 727(a)(4) Count.

---

[19]*Id.* at 474. *See also Cuervo v. Hull (In re Snell)*, 240 B.R. 728, 730 (Bankr. S.D. Ohio 1999) (holding that holding that good faith reliance on advice of counsel will negate fraudulent intent); *Kaler v. Craig (In re Craig)*, 195 B.R. 443, 452 (Bankr. D. N.D. 1996) (holding that mistaken reliance on an attorney's advice will excuse acts of fraudulent intent if the advice was reasonable and the attorney was aware of all relevant facts).

[20]236 B.R. 882 (Bankr. D. N.D. 1999).

[21]Id. at 882.

[22]Appellant's Appendix, Tr. Transcript, pg. 466.

## 11 U.S.C. § 727(a)(5)

Section 727(a)(5) authorizes a bankruptcy court to deny a discharge to a Chapter 7 debtor who fails to satisfactorily explain either a loss of assets or a deficiency of assets:

(a) The court shall grant the debtor a discharge, unless–

. . .

> (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.[23]

The party objecting to a debtor's discharge pursuant to section 727(a)(5) has the burden of proving facts establishing that a loss or shrinkage of assets actually occured.[24] Appellants' proof as to this Count consisted of the fact that Mr. Sendecky's father testified he had loaned his son funds in excess of $170,000 to keep a family business operating, that, not only did Mr. Sendecky use that money to pay business debts, he continued to incur debt, and that at the time of the bankruptcy filing, he did not have any assets. The bankruptcy court did not expressly find that these allegations either satisfied, or failed to satisfy, Appellants' burden of proving a deficiency of assets. The court stated that there was no proof in the record that Mr. Sendecky ever made very much money, and that Appellants never proved Mr. Sendecky owned any assets that were inexplicably missing.[25] On the other hand, the bankruptcy court found that Mr. Sendecky had a business that was losing money, that

---

[23]11 U.S.C. § 727(a)(5).

[24]*The Cadle Co. v. Stewart (In re Stewart)*, 263 B.R. 608, 618 (10th Cir. B.A.P. 2001).

[25]Appellant's Appendix, Tr. Transcript, pg. 482-83.

somebody put money into that business, that Mr. Sendecky had a propensity to incur credit card debt, and that the business failed leaving business debt in its wake. In addition, Mr. Sendecky's father testified that he loaned his son money to satisfy some of the business debt, and Mr. Sendecky testified that he used those funds to satisfy some of the business debt. After making the above findings, the bankruptcy court ruled against Appellants as to the section 727(a)(5) Count.

If a party demonstrates a deficiency of assets, the burden shifts to the debtor to explain the loss.[26] "If the explanation is too vague, indefinite, or unsatisfactory then the debtor is not entitled to a discharge."[27] The explanation given by the debtor must be definite enough to convince the trial judge that assets are not missing.[28] The bankruptcy court found both that Appellants failed to prove that Mr. Sendecky ever owned any assets the loss of which was not explained, and further found that Mr. Sendecky invested any funds received from his father in the failing business. Appellants contend that the court did not adequately consider the section 727(a)(5) Count because the court's initial ruling did not specifically address that Count. As noted, the Complaint did not specifically refer to section 727(a)(5). Nevertheless, having reviewed the entire record, we find that the bankruptcy court fully considered Appellants' request for relief under section 727(a)(5), and that it did not err in finding in favor of Mr. Sendecky. We affirm.

---

[26]*Stewart*, 263 B.R. at 618..

[27]*Diamond Bank v. Carter (In re Carter)*, 203 B.R. 697, 707 (Bankr. W.D. Mo. 1996); *United States of America v. Hartman (In re Hartman)*, 181 B.R. 410, 413 (Bankr. W.D. Mo. 1995).

[28]*Grant v. Sadler (In re Sadler)*, 282 B.R. 254, 265 (Bankr. M.D. Fla. 2002).

# SANCTIONS

## A. Pre-Trial Brief

Appellants moved for sanctions, alleging that the pre-trial brief filed by Mr. Sendecky did not comply with the bankruptcy court's pre-trial order. The bankruptcy court summarily dismissed this motion at the trial stating that "I didn't find the Defendant's brief helpful either, much helpful, but we muddled our way through, and it certainly is not grounds for sanctions."[29] Appellants cite to the bankruptcy court's Order of Trial, which provides that "[f]ailure to abide by the provisions of this Order may result in imposition of sanctions upon counsel or party."[30] By its terms, the Order leaves it within the discretion of the bankruptcy court to determine if sanctions are warranted. The denial of a such a motion is, thus, reviewed for abuse of that discretion.[31] A court abuses its discretion "when its ruling is founded on an error of law or a misapplication of law to the facts."[32] The bankruptcy court ruled that the inadequacy of Mr. Sendecky's pre-trial brief did not warrant the imposition of sanctions. We cannot find, under the circumstances, that the bankruptcy court committed an error of law or misapplied the law to the facts as to that motion. We affirm.

## B. Appellate Brief

Appellants filed a motion with this Panel asking us to impose a "significant monetary sanction" upon counsel for Mr. Sendecky, Richard J. Haefele, for an alleged

---

[29]Appellant's Appendix, Tr. Transcript, pg. 469.

[30]Appellant's Brief pg. 19-20.

[31]*Eastern Equipment and Serv. Corp. v. Factory Point Nat'l Bank, Bennington*, 236 F.3d 117, 120 (2nd Cir. 2001); *Johnson v. Ventra Group, Inc.*, 191 F.3d 732, 749 (6th Cir. 1999); *Ramirez v. Fuselier (In re Ramirez)*, 183 B.R. 583, 586 (9th Cir. B.A.P. 1995).

[32]*Montrose Medical Group Participating Savings Plan v. Bulger*, 243 F.3d 773, 779 (3rd Cir. 2001).

"malicious and libelous falsehood" contained in Mr. Sendecky's appellate brief. Appellants did not specify any amount of monetary sanction in their motion, and no basis for the award of any particular amount was provided. The motion was accompanied by a notarized affidavit signed by Alfred Stanbury, counsel for Appellants. Mr. Sendecky's appellate brief contained the following statement:

> Mr. Stanbury's stated intention to various litigants is to force the Chapter 7 debtor to incur such substantial attorney's fees that he will be forced to persuade his family to pay appellant's [sic] and their attorney the amounts sought to be discharged in the Chapter 7 proceeding.[33]

In his motion Mr. Stanbury denies ever making such a statement.

Rule 8018A of the Local Rules of the United States Bankruptcy Appellate Panel for the Eighth Circuit (the Local Rules) sets forth the procedure for both admitting and disciplining attorneys that appear before us. Local Rule 8018A(b) provides as follows:

> **(b) Discipline.** The court may take any appropriate disciplinary action against an attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with these rules or any court Rule. Counsel will be afforded reasonable notice, an opportunity to show cause to the contrary, and, if requested, a hearing. The Bankruptcy Appellate Panel may direct the clerk to refer a disciplinary matter to the United States Court of Appeals for the Eighth Circuit.[34]

Appellants did not pursue their motion at oral argument. Counsel for Mr. Sendecky, on the other hand, did not respond to the motion, deny the allegations, or request a separate hearing. Without substantiation, Mr. Haefele's inclusion of such an allegation in an appellate brief is conduct unbecoming to a member of the bar. As

---

[33]Appellee's Brief, pg. 3.

[34]Local Rule 8018A(b).

such, we will sanction Mr. Haefele in the amount of $100.00, such sum to be payable to Appellants within ten days.

## CONCLUSION

The bankruptcy court did not err in finding that debtor Thomas Michael Sendecky is entitled to a discharge. The bankruptcy court did not abuse its discretion in denying Appellants' motion for sanctions. We will grant Appellants' motion for sanctions to be imposed on counsel for Mr. Sendecky for his violation of Local Rule 8018A(b).

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT