**In re Thomas W. LANE, Debtor.**

**James Leimbach and Kelly Leimbach, husband and wife, Plaintiffs,**

**v.**

**Thomas W. Lane, Defendant.**

**Bankruptcy No. 02–21484.
Adversary No. 03–6063.**

United States Bankruptcy Court, D. Idaho.

Oct. 9, 2003.

EDO paid for Condor's assets, a logical question is how did Nightingale miss the valuation by at least $40 million?

Thomas William Lane, Coeur d'Alene, ID, pro se.

Bruce A. Anderson, Coeur d'Alene, ID, for Trustee.

Cameron L. Phillips, Appleton Phillips, Coeur d'Alene, ID, for Plaintiffs.

Stephen B. McCrea, Coeur d'Alene, ID, for Defendant.

## MEMORANDUM OF DECISION

TERRY MYERS, Bankruptcy Judge.

In this adversary proceeding, James and Kelly Leimbach ("Plaintiffs") seek to obtain an order denying the discharge of chapter 7 debtor Thomas William Lane ("Defendant"). See Doc. No. 1 (Adversary Complaint). The matter comes before the Court at this time upon (a) Plaintiffs' motion to compel answers to certain discovery, Doc. No. 11, and (b) Defendant's motion for summary judgment, Doc. No. 8. These motions were heard on September 30, 2003 and taken under advisement at the conclusion of hearing. The Court herein concludes that Plaintiffs' motion to compel will be denied, and that Defendant's motion for summary judgment will be granted.

## BACKGROUND

Plaintiffs' complaint asserts that Defendant's discharge should be denied under § 727(a)(5)[1] because he failed to satisfactorily explain why a 47' seagoing vessel, The Capt. James Vashon, was not available for liquidation and payment of creditors' claims. In addition, Plaintiffs allege that Defendant's discharge should be denied under § 727(a)(3).[2] Defendant generally denies the allegations.

A pretrial conference was held on April 29, 2003. The parties at that time agreed that the pleadings were settled. See Doc. No. 5 (minute entry). Based on the parties' agreement as to certain pretrial deadlines, the Court ordered that all discovery be completed within 90 days of the pretrial conference (i.e., by July 29, 2003) and that all pretrial motions be heard within 60 days thereafter (i.e., by September 29, 2003). Id.[3]

## DISCUSSION AND DISPOSITION

### A. Motion to Compel

Plaintiffs filed two requests for production of documents which are at issue under the motion to compel.[4] Request No. 1 sought documents related to Defendant's

---

1. This section provides:
 (a) The court shall grant the debtor a discharge, unless—
 . . .
 (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities[.]

2. This section provides:
 (a) The court shall grant the debtor a discharge, unless—
 . . .
 (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

3. The Court was not available on September 29 and therefore excuses the one day delay in hearing the instant motions.

4. Copies of the relevant discovery requests, and objections thereto, are attached to the motion, Doc. No. 11.

ownership interest in 12 separate corporate entities.[5] Request No. 2 sought documentation regarding Defendant's ownership interest in several pieces of property. One of these, Request No. 2(f), relates to the vessel; the others do not.

Defendant objected to the requests arguing (1) that many of the documents had previously been produced to Plaintiffs through Defendant's depositions and related discovery in other litigation with Plaintiffs, and (2) that the requests were not relevant to the matters placed at issue by Plaintiffs' adversary complaint.

Plaintiffs filed the motion to compel on September 22.[6] Defendant's counsel filed a declaration on September 29 in support of the contention that extensive discovery had already been obtained by Plaintiffs. *See* Doc. No. 12 (contending that 14 boxes of documents had previously been provided to Plaintiffs through their former counsel).

The Court evaluates Plaintiffs' motion to compel in light of the record and the arguments advanced by counsel at hearing on September 30.

### 1. Certification ("meet and confer")

■ Federal Rule of Civil Procedure 37(a)(2)(B), incorporated herein by Fed. R. Bankr.P. 7037, requires that a party seeking to compel discovery must "certify" in its motion that the parties have unsuccessfully met and conferred in an attempt to resolve the discovery impasse without judicial intervention. Plaintiffs' motion contains no such certification. Plaintiffs point to Exhibit C to their motion (a letter from

Plaintiffs' counsel to Defendant's counsel) as reflecting compliance with this requirement. The Court concludes that Exhibit C does not comply with the requirements of Fed.R.Civ.P. 37(a)(2)(B).

The moving party must provide a certification indicating that it has "in good faith conferred or attempted to confer" with the opposing party "in an effort to secure the information or material without court action." Fed.R.Civ.P. 37(a)(2)(B). This prerequisite to discovery compulsion proceedings has been explained in the following fashion:

> [T]wo components are necessary to constitute a facially valid motion to compel. First is the actual *certification* document. The certification must accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute. Second is the *performance*, which also has two elements. The moving party performs, according to the federal rule, by certifying that he or she has (1) in good faith (2) conferred or attempted to confer. Each of these two subcomponents must be manifested by the facts of a particular case in order for a certification to have efficacy and for the discovery motion to be considered.

*Shuffle Master, Inc. v. Progressive Games, Inc.,* 170 F.R.D. 166, 170 (D.Nev.1996). This meet and confer requirement was added in 1993 "in order to encourage litigants to resolve discovery disputes by informal means before filing a motion with

---

5. None of the entities identified in this request appear to be related to the vessel. Defendant's affidavits, Doc. Nos. 7 and 9, identify two entities (Harbourmaster Properties, and Capt. Vashon Holdings Ltd.) which were related to the vessel.

6. The motion cites Fed.R.Civ.P. 37 as authority; it neglects citation to Fed. R. Bankr.P. 7037. Additionally, Plaintiffs cite Id. L.Civ.R. 37.1, though that rule is not applicable to litigation before this Court. *See* LBR 1001.1.

the court." *Id.* at 171. The *Shuffle Master* court further noted that:

[I]n order to effectuate the underlying policy of the federal rule, a moving party must include more than a cursory recitation that counsel have been "unable to resolve the matter." Counsel seeking court-facilitated discovery, instead, must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties. That is, a certificate must include, *inter alia,* the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any.

. . .

"Good faith" under 37(a)(2)(B) contemplates, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute . . . and faithfulness to one's obligation to secure information without court action. . . . [G]ood faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate to secure court intervention; rather it mandates a genuine attempt to resolve the discovery dispute through non-judicial means.

*Id; see also Ross v. Citifinancial, Inc.,* 203 F.R.D. 239, 240 (S.D.Miss.2001) (Rule 37(a)(2)(B)'s "prerequisite is not an empty formality" and "cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue").

Plaintiffs' motion does not comply with the requirements of the Rule, or meet its policy and purpose. The letter sent by Plaintiffs' counsel to Defendant's counsel, Ex. C to the motion, is insufficient.

Meeting and conferring, in person and in good faith, might have obviated the need for the subject motion.[7] But whether such a meeting would have borne fruit, in the sense of fully or partially resolving the discovery impasse, is not the question. Such an attempt to actually meet, and the certification of the efforts made in good faith, were and are prerequisites to bringing the motion and having it considered.

The Court concludes that these failures to meet the requirements of the Rule constitute sufficient reason for denial of the motion.

### 2. Merits

■ Additionally, Defendant argues that the motion is not well taken because the documents sought are not relevant to the cause of action. Defendant points to the fact that, with one limited exception which was answered, neither request for production addresses matters related to the vessel or to Defendant's explanation as to when and how he disposed of the vessel or why it or its value is not now available for payment of creditors. He therefore argues that his objection to the discovery should be sustained, and that the motion to compel should be denied.

Plaintiffs' rebuttal to this argument voiced at hearing is based on Fed.R.Civ.P. 26(b)(1), incorporated by Fed. R. Bankr.P. 7026. This Rule indicates that, while information sought in discovery must be relevant, it need not be admissible if it is designed to lead to relevant and admissible evidence. The problem here, however, has less to do with whether any of the request-

---

7. It appears from the declaration of Defendant's counsel, Doc. No. 12, that a great deal of the information sought was available and in fact had been provided to Plaintiffs' counsel's predecessor.

ed material is admissible than it has to do with relevancy in the first instance.

Defendant's objection to the discovery is facially well taken; the various corporate entities and the parcels or items of real or personal property referred to in Requests No. 1 and No. 2 have no obvious or apparent relevance to the cause of action set forth in Plaintiffs' complaint. Plaintiffs' arguments to the contrary are not persuasive.[8] The objection is found well taken.

For the foregoing reasons, Plaintiffs' motion to compel will be denied.

### B. Defendant's Motion for Summary Judgment

On September 3, 2003, Defendant moved for summary judgment. That motion is supported by several affidavits. Through his motion and affidavits, Defendant essentially argues that the vessel was abandoned in 1997 as valueless and that he has thus satisfactorily explained its disposition and unavailability for purposes of § 727(a)(5).

A motion for summary judgment is brought under Fed.R.Civ.P. 56, made applicable herein by Fed. R. Bankr.P. 7056. The duties upon a party opposing summary judgment are set forth in the Rule:

**(e) Form of Affidavits; Further Testimony; Defense Required.** Sup-porting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

Despite the unambiguous command of the Rule, Plaintiffs presented no affidavits or other materials in opposition to the motion for summary judgment. Nor did they, prior to hearing, file a motion for an extension of time within which to present opposing papers. *See* Fed.R.Civ.P. 56(f).[9]

**(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The operation of this rule has previously been addressed by the Court in *Esposito v. Noyes (In re Lake Country Investments)*, 255 B.R. 588, 00.4 I.B.C.R. 175 (Bankr.D.Idaho 2000). The Court held that such a motion

---

8. Plaintiffs argued at hearing that the complaint might be enlarged to include other possible claims under § 727(a)(5) in connection with property other than the vessel. However, no motion to amend the complaint has been made, and there would be a serious question under the record as to the timeliness of such a motion if asserted. *See* Doc. No. 5 (minute entry of 4/29/03, reflecting parties' agreement that pleadings are settled). Whatever the outcome might be of such an attempt to amend, the absence of a motion to amend to date is sufficient to negate this argument in connection with the discovery issue.

9. Rule 56(f) provides:

**81**

In fact, Plaintiffs' counsel acknowledged at the September 30 hearing the absence of any Rule 56(e) materials and the lack of any Rule 56(f) motion.[10] Instead, Plaintiffs indicated an intention to "rely" on Defendant's own affidavits to establish the requisite genuine issue of material fact and/or legal basis for denial of the motion for summary judgment.

### 1. Summary judgment standards

The standards guiding the Court in consideration of the motion for summary judgment are well settled. Summary judgment may be granted if, when the evidence is viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e); incorporated by Fed. R. Bankr.P. 7056; *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir.2001).

Further, the Court does not weigh the evidence in considering summary judgment. It determines only whether a material factual dispute remains for trial. *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir.1997). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find in favor of the non-moving party, and a fact is "material" if it might affect the outcome of the case. *Far Out Prods.*, 247 F.3d at 992 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The initial burden of showing there is no genuine issue of material fact rests on the moving party. *Esposito*, 255 B.R. at 597, 00.4 I.B.C.R. at 178 (citing *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998)). If the non-moving party bears the ultimate burden of proof on an element at trial, that party must make a showing sufficient to establish the existence of that element in order to survive a motion for summary judgment. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

### 2. Section 727(a)(5) elements

 Plaintiffs bear the ultimate burden of proof at trial on the § 727(a)(5) cause.[11] In order to effectuate the policies underlying the Bankruptcy Code, objections to discharge are strictly construed against plaintiff/creditors and liberally in favor of debtors. *Downey*, 242 B.R. at 12–13, 99.4 I.B.C.R. at 168. "The reasons for denial of a discharge must be real and substantial rather than technical and conjectural." 6 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 727.01[4] at 727–12 (rev. 15th ed.2003) (citing *Com-*

must be made prior to submission of the summary judgment motion. 255 B.R. at 596, 00.4 I.B.C.R. at 178. Moreover, the Court held that the party moving under Rule 56(f) must set forth particular facts to be garnered through additional discovery and specify how those facts will prevent summary judgment. *Id.* (citing *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 989 (9th Cir.1999)).

10. Plaintiffs' motion to compel argued that the requested discovery was needed in order to respond to Defendant's summary judgment motion, however, such an argument is not equivalent to a proper Rule 56(f) motion nor does it constitute a sufficient response to the

summary judgment motion. *See In re Showplace Square Loft Co.*, 289 B.R. 403, 406, n. 3 (Bankr.N.D.Cal.2003) (citing *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir.1986)); *accord Hirsch v. Gersten (In re Centennial Textiles, Inc.)*, 220 B.R. 165, 171 (Bankr.S.D.N.Y.1998).

11. The burden of proof is a preponderance of the evidence. *Palmer v. Downey (In re Downey)*, 242 B.R. 5, 13, 99.4 I.B.C.R. 165, 168 (Bankr.D.Idaho 1999) (citing *Grogan v. Garner*, 498 U.S. 279, 284, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)).

*merce Bank & Trust Co. v. Burgess (In re Burgess)*, 955 F.2d 134 (1st Cir.1992)).

■ To sustain a claim under § 727(a)(5), Plaintiff must initially show that a specific asset is missing. *Floret LLC v. Sendecky (In re Sendecky)*, 283 B.R. 760, 765 (8th Cir. BAP 2002); *The Cadle Co. v. Stewart (In re Stewart)*, 263 B.R. 608, 618 (10th Cir. BAP 2001). If the creditor identifies a missing asset, it is incumbent upon a debtor to provide a satisfactory explanation concerning what happened to that asset. *Sendecky*, 283 B.R. at 766; *Stewart* 263 B.R. at 618; *accord Devers v. Bank of Sheridan, Montana (In re Devers)*, 759 F.2d 751, 754 (9th Cir.1985).

### 3. Application to Defendant's motion

■ Defendant's submissions establish that, at one point, he owned outright or through a closely-held entity The Capt. James Vashon. He indicates that he believed this vessel had a substantial value some ten years ago. Those submissions also make clear that the vessel is no longer available as a means of payment to creditors. Thus, Plaintiffs' *prima facie* case, identifying a missing asset, is indeed established by Defendant's submissions.

Defendant's motion for summary judgment, and the affidavits submitted in support of that motion, are designed to meet Defendant's obligation to explain satisfactorily what happened to the asset.

■ Plaintiffs bear the ultimate burden at trial on their objection to Defendant's discharge, and this includes showing that Defendant's explanation is not satisfactory. By filing the motion for summary judgment and supporting it as required by Rule 56, Defendant obligated Plaintiffs to file opposing papers and materials sufficient to show the existence of a genuine issue of fact. Rule 56(e).

A similar dynamic was presented by a debtor/defendant's summary judgment motion in a § 523(a) case in *Bryant v. Tilley (In re Tilley)*, 286 B.R. 782 (Bankr.D.Colo. 2002). That court summarized:

> In the case of Defendant's motion for summary judgment, the Defendant, as movant, bears the initial burden of establishing that summary judgment is appropriate. Since the Defendant would not bear the burden of persuasion in the adversary proceeding, he need not negate Plaintiff's claims, but need only point out a lack of evidence supporting an essential element of Plaintiff's claims. If the Defendant carries this initial burden, Plaintiff, as nonmovant, must then come forward with specific facts showing that there is a genuine issue for trial. To accomplish this, Plaintiff must identify facts by reference to affidavits, deposition transcripts, or specific exhibits. In the context of a nondischargeability suit, the evidence presented must be "viewed consistent with congressional intent that exceptions to discharge be narrowly construed against the creditor and liberally against [sic] the debtor, thus effectuating the fresh start policy of the Code."
>
> Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Disputes as to immaterial facts will not preclude summary judgment. Should Plaintiff make some showing on a material issue, the Court must consider the standard of proof in the case and decide whether the showing is sufficient for a reasonable trier of fact to find for Plaintiff on that issue. A scintilla of evidence in favor of Plaintiff is not enough to preclude summary judgment. Moreover, should Plaintiff not make a sufficient showing on any essential element of its case, all

other facts are rendered immaterial, and summary judgment is appropriate.

286 B.R. at 788–89 (footnotes omitted).

Defendant in his affidavit testifies that the vessel was taken to a marina in 1990 for repairs, that there was a dispute over the costs of repairs, and the vessel sat there for some 6 years. In 1997, based on information from a third party, including an opinion of value and cost of repairs and photographs of the vessel, Defendant concluded that The Capt. James Vashon no longer had any value to him. He instructed individuals at the marina to see if the vessel could be donated to the "Sea Scouts" but he never confirmed its disposition. Nor did he ever again assert his ownership or attempt to reclaim the vessel, instead he "abandoned" it.[12] Defendant's post-litigation efforts to ascertain what became of the vessel were not successful.

The Court finds nothing inherently unbelievable or incredible in this explanation. Since the explanation is not patently insufficient to meet Defendant's burden under § 727(a)(5), Plaintiffs were thus challenged to respond to the motion as Rule 56 requires, and to meet the burdens outlined in *Tilley*. Plaintiffs have not done so, and Defendant's explanation stands unrebutted.[13]

Based on the applicable rules and the accepted standards regarding summary judgment practice, the Court finds Defendant is entitled to summary judgment, and the complaint under § 727(a)(5) shall be dismissed.

## C. Section 727(a)(3).

The primary focus of the parties' arguments was on the vessel as a "missing asset" under § 727(a)(5). However, Plaintiffs' complaint generally alleges a right to relief under § 727(a)(3). Defendant's motion for summary judgment appears to seek dismissal of the entirety of Plaintiffs' complaint.

In order to state a *prima facie* case under § 727(a)(3), a plaintiff must show, by a preponderance of the evidence and subject to the construction in favor of the debtor, "(1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." *Lansdowne v. Cox (In re Cox)*, 41 F.3d 1294, 1296 (9th Cir.1994). If a plaintiff's proof satisfies these elements, the burden will then shift to the debtor to justify or provide a credible explanation for the failure or inaccuracy. *Id.* at 1296–97 (citing *Western Wire Works, Inc. v. Lawler (In re Lawler)*, 141 B.R. 425, 428–29 (9th Cir. BAP 1992)).

Again, Plaintiffs bear the ultimate burden on the cause of action. Under Rule 56(e), Plaintiffs cannot rely solely on the allegations found in their pleadings. Here, nothing was submitted that estab-

---

**12.** Plaintiffs argued at hearing that Defendant's affidavit contained hearsay, pointing in particular to an attached letter dated January 1997 from Continental Marine Consultants regarding the inspection and valuation of the vessel. However, they did not object to Defendant's affidavit or move to strike it. Additionally, it is not evident that the letter was offered to prove the truth of the matter asserted (*i.e.*, the consultant's conclusion that the vessel was of little or no value). Rather, the letter appears to be offered to help explain why Defendant decided to abandon the vessel.

**13.** In addition to their failure to file the requisite materials under Rule 56(e) or a motion under Rule 56(f), Plaintiffs filed no brief in opposition to the summary judgment motion explaining how they thought their burden of response was sustained by Defendant's own submissions. Oral argument did not fill the gap.

lishes a genuine issue of material fact or shows that Plaintiffs could present a *prima facie* case under this statutory provision. Thus, summary judgment in favor of Defendant is also warranted on this cause and will be granted.

## CONCLUSION

Pursuant to the foregoing, Plaintiffs' motion to compel will be denied, and Defendant may submit a proposed order accordingly. Further, summary judgment will be entered in favor of Defendant dismissing Plaintiffs' adversary complaint. Defendant will submit an appropriate form of order and judgment.