NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1409
_____

In re: JOON HYAN PARK,
Debtor


Chung Cho,
Appellant

v.

Joon Hyan Park
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-15-cv-03572)
District Judge: Honorable Madeline Cox Arleo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 24, 2016
_____

Before: VANASKIE, KRAUSE, and NYGAARD, *Circuit Judges*.

(Filed: March 15, 2017)
_____

OPINION*
_____

VANASKIE, *Circuit Judge*.

_____

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

This appeal concerns an adversary proceeding arising out of Debtor Joon Hyun Park's Chapter 7 bankruptcy case. Appellant Chung Cho, one of Park's creditors, asserted three causes of action premised upon the allegation that Park fraudulently operated his deli business, resulting in an inability to pay an underlying debt to Cho. The Bankruptcy Court granted Park's motion for summary judgment and denied Cho's cross-motion for summary judgment. The District Court then affirmed the Bankruptcy Court order. For the reasons that follow, we will affirm the order of the District Court.

I.

In 2001, Park purchased a residence from Cho for $665,000. According to Cho, Park obtained a mortgage for $450,000 and tendered a check for the difference. Park, however, asked Cho not to cash the check for a period of time. Cho completed the transfer of the residence while awaiting payment of the remaining balance. Park subsequently closed the account on which the check to Cho had been drawn without depositing any money, leaving the remaining balance unpaid.

At the time of the purchase of the residence, Park worked for Cho's sister, Ryung Hee Cho, at Smiler's Deli. Shortly after he purchased the residence from Cho, Park and his wife bought Smiler's Deli from Cho's sister for $2 million, payable in monthly installments of $20,000 to $30,000.

Approximately ten years after the purchase of the residence, Park and Cho entered into binding arbitration over the unpaid balance, and in December of 2010 the arbitrator found in favor of Cho. The arbitration award was confirmed by the New Jersey Superior

2

Court. Shortly after, Cho learned that Park had transferred Smiler's Deli back to Ryung Hee Cho because the business had allegedly been failing.

Unable to collect on the arbitration award, Cho, in May of 2011, filed a fraudulent transfer action in the United States District Court for the Southern District of New York against Park, Park's wife, Smiler's Deli, and his sister. Cho alleged that the Parks' purchase of the deli was designed to allow Park to siphon money from the business while shielding his assets from Cho.

In July of 2011, while the fraudulent transfer action was pending, Park filed a Chapter 13 bankruptcy petition in the Bankruptcy Court for District of New Jersey. Pursuant to a reorganization plan approved by the Bankruptcy Court, Park was to satisfy his debt to Cho over a period of five years. When he defaulted on his payments, the Bankruptcy Court, in June of 2012, dismissed Park's Chapter 13 petition.

On November 1, 2013, Park filed a Chapter 7 petition in the Bankruptcy Court for the District of New Jersey. His petition referenced the debt to Cho in the schedule of creditors holding unsecured nonpriority claims. During discovery, Cho requested documents related to the operation of Smiler's Deli, and Park provided income tax records, accountant information, bank statements, checks, composition notebooks, and other corporate documents. At his deposition, Park testified that his income had decreased in the final year of his ownership and that he could no longer pay the taxes and expenses. He also explained that he was unable to make home or car payments without the income from the deli.

Cho filed an adversary proceeding in the Bankruptcy Court objecting to the discharge of Park's indebtedness to him because of Park's allegedly fraudulent operation of Smiler's Deli. Cho asserted three causes of action, contending that Park: (1) knowingly and fraudulently made a false oath in connection with the Chapter 7 case in violation of 11 U.S.C. § 727(a)(4)(A); (2) failed to keep and preserve the deli's business records in violation of 11 U.S.C. § 727(a)(3); and (3) failed to give a satisfactory explanation for the loss of assets in the deli in violation of 11 U.S.C. § 727(a)(5). The parties filed cross-motions for summary judgement and, after oral argument, the Bankruptcy Court granted Park's motion and denied Cho's.

Cho appealed this decision to the District Court, which affirmed. The District Court found that Cho had not established reversible error on the part of the Bankruptcy Court and had not identified a genuine issue of material fact for the purposes of summary judgment. The District Court also concluded that the Bankruptcy Court properly refused to consider the arguments in Cho's cross-motion for summary judgment that went beyond the scope of Cho's adversary complaint. The District Court then denied Cho's request to amend his complaint, both because he did not request leave to amend in the Bankruptcy Court and because amending would be futile. This timely appeal followed.[1]

---

[1] It should be noted that the section of Appellant's Brief labeled "Statement of Issues Presented on Appeal" sets forth questions that relate to a separate appeal filed by Cho and that concerns Bankruptcy Court orders approving a settlement of the Bankruptcy Trustee's fraudulent transfer claim and denying sanctions for conduct of Park's counsel. That appeal is docketed to No. 15-2768. Our discussion in this Opinion is limited to the decisions of the Bankruptcy and District Courts on Cho's adversary complaint. A separate opinion will address the issues concerning the approval of the settlement and the denial of sanctions.

II.

The Bankruptcy Court had jurisdiction over the initial proceedings pursuant to 28 U.S.C. §§ 157(b) and 1334.  The District Court had jurisdiction over Cho's appeal pursuant to 28 U.S.C. § 158(a).  We have appellate jurisdiction over the District Court's ruling under 28 U.S.C. §§ 158(d) and 1291. "We exercise plenary review over the District Court's appellate review of the Bankruptcy Court's decision and exercise the same standard of review as the District Court in reviewing the Bankruptcy Court's determinations." *In re Miller*, 730 F.3d 198, 203 (3d Cir. 2013).  We review the grant of summary judgment *de novo*.  *In re G-I Holdings, Inc.*, 755 F.3d 195, 201 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

III.

Cho's adversary complaint contained three causes of action, all of which allege the withholding or misrepresentation of financial information during the bankruptcy proceedings.  We will address each in turn.

First, Cho claims that Park made a false oath in violation of 11 U.S.C. § 727(a)(4)(A) when he stated that Smiler's Deli was doing poorly despite tax returns that showed an increase in revenue.  Under § 727(a)(4)(A), a debtor is not entitled to a discharge when he "knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." 11 U.S.C. § 727(a)(4)(A).  The party objecting to discharge has the burden of proof by a preponderance of the evidence.  *Grogan v.*

5

*Garner*, 498 U.S. 279, 289 (1991); Fed. R. Bankr. P. 4005. The objecting party must prove an "actual intent on the part of the bankrupt to hinder, delay and defraud his creditors." *In re Topper*, 229 F.2d 691, 692 (3d Cir. 1956) (citation and internal quotation marks omitted).

As the District Court noted, the record supports the Bankruptcy Court's conclusion that there was no evidence that Park made a false oath or account. Park disclosed his cash payments to Cho's sister at the arbitration proceedings, provided documentation to support his conclusion that the business was failing, and relied on his CPA and wife to oversee financial matters at home and with the business. The record also reflects that Park was relatively unsophisticated in business matters and communicated through an interpreter in his depositions. We, like the Bankruptcy and District Courts, reject Cho's argument that an increase in revenue alone would render Park's statement that the business was failing a knowing and fraudulent false oath. An increase in revenue is not synonymous with financial success, especially considering Park's testimony that his expenses also increased. Cho provided no additional evidence to support his contention that Park violated 11 U.S.C. § 727(a)(4)(A). Thus, the Bankruptcy Court properly found that summary judgment in favor of Park on this claim was appropriate.

Second, Cho alleges that Park violated both 11 U.S.C. § 727(a)(3) and (a)(5) by failing to provide sufficient information regarding the financial condition of Smiler's Deli. Section 727(a)(3) prohibits discharge when a debtor "has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or

6

business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." 11 U.S.C. § 727(a)(3). In order to state a claim under § 727(a)(3), "a creditor objecting to the discharge must show (1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." *Meridian Bank v. Alten*, 958 F.2d 1226, 1232 (3d Cir. 1992). "The Bankruptcy Code does not . . . require an impeccable system of bookkeeping," so long as "the records . . . sufficiently identify the transactions [so] that intelligent inquiry can be made of them. *Id*. at 1230.

The undisputed facts support the Bankruptcy Court's conclusion that Park did not violate § 727(a)(3). Park provided bank statements, tax returns, and credit card sales reports. He testified about the manner in which he managed the deli's register and the documents he prepared to record business transactions. He also provided documents in response to Cho's document requests. Furthermore, as the Bankruptcy Court noted, Park's accounting standards were consistent with his lack of financial sophistication, and therefore in accordance with the requirements of § 727(a)(3). *Meridian Bank*, 958 F.2d at 1231 ("Depending upon the sophistication of the debtor and the extent of his activities, different record keeping practices are necessary."). Summary judgment on Cho's § 727(a)(3) claim was therefore appropriate.

Cho's § 727(a)(5) claim fails for similar reasons. Section 727(a)(5) prohibits discharge when "the debtor has failed to explain satisfactorily . . . any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C.A. § 727(a)(5). "The party

7

objecting to a debtor's discharge . . . has the burden of proving facts establishing that a loss or shrinkage of assets actually occurred." *In re Sendecky*, 283 B.R. 760, 765 (B.A.P. 8th Cir. 2002). "Once the plaintiff has shown the loss or deficiency of assets, it falls upon the debtor to provide a satisfactory explanation." *In re Simmons*, 525 B.R. 543, 548 (B.A.P. 1st Cir. 2015), *aff'd*, 810 F.3d 852 (1st Cir. 2016). The primary issue with respect to § 727(a)(5) is "whether the explanation satisfactorily describes what happened to the assets, not whether what happened to the assets was proper." *In re Buzzelli*, 246 B.R. 75, 117 (Bankr. W.D. Pa. 2000). "What constitutes a 'satisfactory' explanation for § 727(a)(5) purposes is left to the discretion of the court." *In re Simmons*, 525 B.R. at 548 (citation omitted). Here, the Bankruptcy Court found Park's explanation for selling Smiler's Deli to be satisfactory given the circumstances and nature of the business and Park's financial condition at the time, including a pending eviction action. This determination is supported by the record, and therefore the Bankruptcy Court appropriately granted summary judgment in favor of Park.

Cho also argues that the Bankruptcy Court should have denied the discharge of Park's indebtedness to him. This argument relates to the unpaid check for the balance of the purchase price on the house and does not concern the operation of Smiler's Deli. Cho claims that discharge is improper under 11 U.S.C. §§ 105(a) and 523(a)(2)(A).[2] Because

---

[2] According to Cho, Park's debt should not be discharged because he obtained property from Cho in violation of 11 U.S.C.A. § 523(a)(2)(A), which prohibits any Section 727 discharge "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C.A. § 523(a)(2)(A). Despite not raising this claim in his adversary

Cho did not include these claims in his adversary complaint, both the Bankruptcy Court and the District Court declined to address them. We agree with the Bankruptcy Court that the claims should have been raised in the pleadings and should not be addressed on appeal. *See Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 642 (3d Cir. 1993).

Cho contends that the District Court should have permitted him to amend his complaint to include his § 523 claim. We conclude, however, that the District Court properly denied this request both because (1) Cho did not present a motion to amend to the Bankruptcy Court, and (2) the § 523 claim is time barred. A complaint to determine the dischargeability of any debt pursuant to § 523 must be filed within 60 days of the §341 meeting of the creditors. Fed. R. Bankr. P. 4007(c). Here, the § 341 meeting occurred on December 6, 2013 and Park waited until July 6, 2015 to seek leave to amend—far longer than the 60 days allowed under the Federal Rules of Bankruptcy Procedure. We accordingly perceive no error in the denial of leave to amend.

IV.

For the foregoing reasons, we will affirm the District Court's order of February 18, 2016.

---

complaint, Cho argues the Court should deny discharge *sua sponte* on the basis of the Bankruptcy Court's equity power under 11 U.S.C. § 105(a), as such relief is "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).