John D. Hunter, in pro. per.

Susan Holland–Johnson, of Rawlings, Olsen & Cannon, Las Vegas, Nev., for defendants.

**John D. HUNTER, Plaintiff,**

v.

**John MORAN and Gordon Yach, Defendants.**

**No. CV–S–87–168–LDG(RJJ).**

United States District Court, D. Nevada.

Nov. 6, 1989.

ORDER

ROBERT J. JOHNSTON, United States Magistrate.

Plaintiff, John D. Hunter, initiated this case by filing a civil rights complaint pursuant to Title 42, United States Code, Section 1983(# 1). The Plaintiff seeks to recover money damages against John Moran, Clark County Sheriff, and Gordon Yach, Director of the Clark County Detention Center, for alleged violations of his rights and resulting personal injuries suffered during his incarceration in the Clark County Detention Center. The Defendants filed an Answer (# 7) and commenced discovery.

This case is before the Court on Defendants' Motion to Compel Plaintiff's Answers to Interrogatories Nos. 1, 4, 5, 10, 11, 13 and 14 (# 44). The Defendants contend that the Plaintiff's responses to the specified interrogatories were inadequate.

Twenty-one days after service[1] of the motion, when no opposition to the Motion to Compel (# 44) had been filed by the Plaintiff, the Defendants filed a Reply in Support of Motion to Compel Plaintiff's Answers to Interrogatories Nos. 1, 4, 5, 10, 11, 13 and 14 (# 45). In their Reply, the Defendants pointed out Plaintiff's failure to oppose the Motion to Compel (# 44) and directed the Court's attention to Local Rule 140–6 which provides in part that "[t]he failure of an opposing party to file a memorandum of points and authorities in opposition to any motion, shall constitute a consent to the granting of the motion."

■ However, "[d]iscovery motions will not be considered unless a statement of moving counsel is attached thereto certifying that, after personal consultation and sincere effort to do so, counsel have been unable to satisfactorily resolve the matter." Local Rule 190–1(f)(2). Compliance with this rule will eliminate unnecessary litigation regarding discovery when the parties could confer and reach a mutually acceptable resolution of the discovery dispute. According to Local Rule 190–1(f)(2), the party seeking discovery must initiate the "personal consultation." Since the Defendants filed the motion to compel they had the responsibility of initiating the "personal consultation."

Defendants' counsel recited her effort to comply with this mandate of the Local Rule by sending Plaintiff a letter dated June 19, 1989. *See*, Exhibit E attached to Defendants' Motion to Compel (# 44). The letter by Defendants' counsel outlined the alleged deficiencies in Plaintiff's responses to the interrogatories and concluded as follows:

In regard to your responses to the Interrogatories above, I ask that you provide me adequate response within two weeks so that I can continue with my preparation. If I do not receive them, I will have no choice but to file a motion to compel with the Court. I would rather not do that, however, as I believe it more beneficial if we cooperate with each other.

Defendants' Motion to Compel (# 44), Exhibit E at 2–3.

■ Unfortunately, some attorneys utilize a discovery demand letter that imitates the strong language employed in collection letters seeking payment of a debt. The mere sending of a letter demanding supplemental responses to interrogatories does not constitute "personal consultation and sincere effort" to resolve a discovery dispute. The local rule contemplates open two-way communication between counsel and/or *pro se* parties regarding the discovery dispute. That communication may be in person or by telephone.[2]

The Plaintiff is incarcerated at a known location. There has been no showing that contact in person or by telephone is prohibited at that institution. The Plaintiff in this case is not unreachable and deserves the minimal courtesy of a telephone call to discuss a discovery dispute before a formal motion is filed with the Court. An incarcerated party is bound by the Federal Rules of Civil Procedure and the Local Rules in the litigation of a claim. The "personal consultation and best effort" standard also applies to an incarcerated party. *See, Armstrong v. Snyder*, 103 F.R.D. 96, 103 (E.D.Wis.1984) (indigent prisoner action in which the prisoner's motion to compel was denied because he failed to comply with the local rule requiring per-

---

1. Local Rule 140–4 provides that "unless otherwise ordered by the Court, an opposing party shall have fifteen days after service of the moving party's points and authorities within which to file and serve a memorandum of points and authorities in opposition to the motion."

   An extension of the fifteen day response period was neither requested by the Plaintiff nor ordered by the Court in this case.

2. A telephone conference will satisfy this requirement. However, the conference should be between the attorneys and/or *pro se* parties and should not be delegated to secretaries and paralegals.

sonal consultation before a discovery motion is filed).

Defendants' attempt to satisfy the "personal consultation" requirement of Local Rule 190–1(f)(2) was insufficient. Therefore, the Court cannot consider Defendants' Motion to Compel (# 44). However, in order to "secure the just, speedy, and inexpensive" determination of this case as contemplated by the Federal Rules of Civil Procedure and the local rules,

IT IS HEREBY ORDERED that Plaintiff, John D. Hunter and Defendants' counsel shall confer personally in an effort to resolve the discovery dispute outlined in Defendants' Motion to Compel (# 44) on or before November 24, 1989.

IT IS FURTHER ORDERED that if the parties are unable to resolve the discovery dispute, the Plaintiff, John D. Hunter, shall file and serve a memorandum of points and authorities in opposition to the motion on or before December 15, 1989.