**SHUFFLE MASTER, INC., Plaintiff,**

v.

**PROGRESSIVE GAMES, INC., Defendant.**

**PROGRESSIVE GAMES, INC., Plaintiff,**

v.

**BALLY'S GRAND, INC.; The Primadonna Corp. d/b/a Buffalo Bill's; Eldorado Hotel Associates; Four Queens, Inc.; Harvey's Casino Resort, Inc.; Las Vegas Hilton Corp.; MGM Grand Hotel, Inc.; Shuffle Master, Inc.; and John O. Breeding, Defendants.**

**Nos. CV–S–95–0063–LDG (RJJ), CV–S–95–0208–LDG (RJJ).**

United States District Court, D. Nevada.

Sept. 3, 1996.

Donald J. Campbell, Las Vegas, NV, Craig W. Gagnon, Minneapolis, MN, J. Randall Benham, Harold D. Jastram, Minneapolis, MN, and Cary B. Johnson, for Plaintiff.

Gary Goodheart, Las Vegas, NV, Robert Purcell and Kurt Lewis, for Defendant.

## ORDER

JOHNSTON, United States Magistrate Judge.

This matter is before the Court on D & D Gaming Patents, Inc.'s Motion to Compel Discovery Responses From Shuffle Master, Inc. (# 51).[1] Plaintiff Shuffle Master, Inc. brought a declaratory action pursuant to 28 U.S.C. § 2201 seeking a judicial determination of whether its Let It Ride® casino playing card game and Let It Ride The Tourna-

1. D & D Gaming Patents, Inc., the original party in this action, assigned its interest in this case to Progressive Games Inc. Thereafter, on April 10, 1996, Progressive Games was substituted for D & D Gaming Patents pursuant to Court Order (# 58). This Order addresses the discovery motion filed by D & D Gaming.

2. "Person" is defined in the discovery request to include "firms, partnerships, associations, corporations, and other legal entities, and divisions, departments or other units thereof." Pl.'s First

ment® infringe upon any issued patents held by D & D Gaming Patents, Inc. ("D & D"). Shortly thereafter, D & D filed a patent infringement lawsuit against Shuffle Master, Inc. ("Shuffle Master") and joined as defendants Shuffle Master's founder, John Breeding, and several gaming casinos. These two actions were consolidated on June 19, 1995.

## BACKGROUND

In March 1995, D & D served on Shuffle Master and various casinos its first set of interrogatories and requests for production of documents. Among these discovery requests were the following:

### Interrogatory No. 1

Identify every person[2] having knowledge or information regarding the design, construction, operation, testing, or manufacture of any GAMES,[3] and describe the nature and substance of each such person's knowledge or information.

### Interrogatory No. 2

Identify every person with knowledge or information regarding the distribution, marketing, advertisement, sale, lease, or use of any GAMES, and describe the nature and substance of each such person's knowledge or information.

### Request No. 6

All documents referring or relating to sales, lease, or other transactions with casinos or other customers for any GAMES, including, but not limited to, purchase orders, invoices, trust agreements, sales, lease or license agreements, annuity agreements and records, trust agreements, royalty reports, payment plans, notes, minutes of meetings, and correspondence.

Set of Interrogs., attached as Exhibit A to D & D's Mot. to Compel (# 51), at 3.

3. The term "GAME" is defined in the discovery request as "any and all devices or equipment manufactured, tested, distributed, sold, leased, or used ... which include ... a separate wager component of a live table card game, which ... requires that a player of the game place a separate wager in order to win money or something of value if the player receives a specified arrangement of cards in the game." *Id.* at 5.

Shuffle Master supplied the pertinent information. Subsequently, on December 4, 1995, D & D's attorney sent by facsimile a letter to Shuffle Master's counsel requesting that Shuffle Master update its discovery responses by identifying "each casino or other business establishment in which any Let It Ride–The Tournament Games are installed, and also to indicate the number of games installed in each establishment." Facsimile 1, attached to D & D's Mot. to Compel as Exhibit C. In the letter, D & D's attorney directed Shuffle Master to Interrogatory Nos. 1 and 2, implying that the requested information was within the scope of these interrogatories. By December 22, 1995, D & D had received no response from Shuffle Master. D & D's attorney consequently telephoned Shuffle Master's counsel and stated that if Shuffle Master did not produce the requested discovery in one week, he would file a motion to compel. *See,* Facsimile 2, attached to D & D's Mot. to Compel as Exhibit D.

On December, 28, 1995, Shuffle Master's counsel transmitted to D & D a facsimile emphasizing that the information D & D demanded was not responsive to D & D's First Set of Interrogatories and that to "update" Interrogatory Nos. 1 and 2 by providing such information would be inappropriate. *See,* Facsimile 3, attached to D & D's Mot. to Compel as Exhibit E. Shuffle Master also explained, however, that the information D & D's requested would be provided "fairly promptly" absent any objection, but that it would be treated as a second interrogatory due January 4 rather than immediately. *Id.* D & D did not respond to this communication.

On January 4, 1996, Shuffle Master's counsel notified D & D by facsimile that "due to unforseen circumstances" Shuffle Master would be unable to provide the list on that day but that it would provide the information "in the very near future." *See,* Facsimile 4, attached as Exhibit F to D & D's Mot. to Compel. Five days later, on January 9, 1996, Shuffle Master provided the information under the designation "Answers to D & D Gaming Patent, Inc.'s Second Set of Interrogatories." Exhibit G, D & D's Mot. to Compel. The list included casino names, casino addresses, and the number of tables on which each operated the Let it Ride® game. *Id.*

Thereafter, on January 26, 1996, D & D's counsel sent another facsimile to Shuffle Master's attorney and objected to the manner in which the information had been provided. He again insisted that the requested information fell within the scope of D & D's original Interrogatory Nos. 1 and 2, and now demanded that Shuffle Master also provide the "legal" names of the casinos. Facsimile 5, attached to D & D's Mot. to Compel as Exhibit H. The letter asserted that not producing the legal addresses of the casinos was "an amateurish attempt to stall the progress of the lawsuit" and that if D & D did not have the "requested information" by noon, January 31, 1996, a motion to compel would be filed. *Id.*

Shuffle Master's counsel responded on January 30, 1996. See Facsimile 6, attached to D & D's Mot. to Compel as Exhibit I. He reiterated Shuffle Master's position that the information sought by D & D was not covered by Interrogatory Nos. 1 and 2, but that Shuffle Master would nevertheless attempt to compile and forward a list of legal casino names. *Id.* Three days later D & D transmitted its final correspondence which stated that "in view of the continued absence of any response" D & D would be filing a motion to compel. *See,* Facsimile 7, attached to Shuffle Master's Oppos. to Mot. to Compel as Exhibit A. Then, on February 7, 1996, Shuffle Master responded with another facsimile in which the company expressed that although it had provided all the information which could be "readily put together," Shuffle Master was still willing to review all licensing agreements in an attempt to compile a list of legal casino names using the Let It Ride® or Let It Ride The Tournament® game. Facsimile 8, attached to Shuffle Master's Oppos. to Mot. to Compel as Exhibit B. Notwithstanding this offer, however, D & D filed the instant Motion to Compel on February 8, 1996. Shuffle Master has subsequently proffered two addenda to its Opposition, including a list of complete legal names for all casinos implementing Let It Ride® or the

Let It Ride The Tournament® game as of February 25, 1996.

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure permits a discovering party to move for an order to compel a complete response to properly submitted interrogatories or requests for production. The motion must include a certification that the movant has "in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R.Civ.P. 37(a)(2)(B). Additionally, local rules of practice for the United States District of Nevada require all discovery motions to set forth in full the text of the discovery originally sought and the response thereto, if any. LR 26–7(a).

D & D maintains that the accurate and complete legal name of every casino operating Let It Ride® or Let It Ride The Tournament® should have been provided in response to its propounded Interrogatory Nos. 1 and 2 and Request No. 6. Although the requested information appears to lie within the scope of one or more of these requests, D & D's motion to compel must fail for at least two reasons. First, the motion itself does not set forth in full text Shuffle Master's original responses to D & D's First Set of Interrogatories as required by local procedural rules. Second, and most important, D & D has not in good faith conferred nor attempted to confer with Shuffle Master in an effort to secure the legal names of the casinos in question. D & D's proffered certification which indicates to the contrary is belied by the facts of this case. Accordingly, D & D cannot satisfy the good faith conferment requirement mandated by the federal rules.

### A. LOCAL RULES OF FEDERAL PRACTICE

The Local Rules of Practice for the District of Nevada regarding discovery motions supplement Rule 37 of the Federal Rules of Civil Procedure. In addition to the procedures established in Rule 37, the Nevada District Rules require discovery motions to set forth the complete text of the discovery originally sought and all responses provided by the other party. LR 26–7(a). Present local rules govern proceedings in actions brought on or after June 1, 1995, unless otherwise ordered by the court. *See,* LR IA 5–1. Even before this date, however, submitting to the court the full text of discovery requests and responses was a prerequisite to judicial consideration of a motion to compel.[4]

Shuffle Master filed the underlying action in this case on January 23, 1995. Since the discovery rule presently set forth in 26–7(a) was also in effect when Shuffle Master brought this action, the court need not be concerned with whether the former or new local rules apply. D & D has always been required to submit with a motion to compel discovery the full text of the discovery it originally sought and Shuffle Master's responses. This, however, D & D failed to do.

### B. CERTIFICATION UNDER FED.R.CIV.P. 37(A)(2)(B)

A party bringing a motion to compel discovery must include with the motion a *certification* that the movant has in *good faith conferred* or attempted to confer with the nonresponsive party. Fed.R.Civ.P. 37(a)(2)(B). Hence, two components are necessary to constitute a facially valid motion to compel. First is the actual *certification* document. The certification must accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute. Second is the *performance,* which also has two elements. The moving party performs, according to the federal rule, by certifying that he or she has (1) in good faith (2) conferred or attempted to confer. Each of these two subcomponents must be manifested by the facts of a particular case in order for a certification to have efficacy and for the discovery motion to be considered.

---

**4.** The Local Rules in effect prior to June 1, 1995, also included a provision that required the discovering party to set forth in its motion to compel the full text of the discovery as originally sought and the responses made thereto. See, Former Local Rule 190–1(f)(1). The former procedural rules governed all cases filed on or after February 1, 1992, through May 31, 1995.

### 1. Certification

The certification requirement was added to subparagraph (a)(2)(B) of Fed.R.Civ.P. 37 in order to encourage litigants to resolve discovery disputes by informal means before filing a motion with the court. The 1993 amendment was "based on successful experience with similar local rules of court" in many districts. *See,* Fed.R.Civ.P. 37 advisory committee notes. The Federal District of Nevada, in particular, implemented a successful certification requirement for discovery motions prior to 1993. Former Local Rule 190–1(f)(2) prohibited the consideration of a motion to compel unless a statement was attached certifying that "after personal consultation and sincere effort to do so, counsel have been unable to satisfactorily resolve the matter." Similar to discovery provisions in other federal districts, the certification furthered the federal court's interest in securing a just, speedy, and inexpensive determination of every action. Fed.R.Civ.P. 1; *see also, e.g., Halas v. Consumer Services, Inc.,* 16 F.3d 161, 165 (7th Cir.1994) (General Rule 12(K) of the Rules of the Northern District of Illinois); *Hay & Forage Indus. v. Ford New Holland, Inc.,* 132 F.R.D. 687, 692 (D.Kan.1990) (Rule 210(j) of the District of Kansas); *Madden v. Cleland,* 105 F.R.D. 520, 526 (N.D.Ga.1985) (Rule 225–4(a) and (b) of the Northern District of Georgia).

Federal Rule 37 does not set forth what must be included in the moving party's certification except to indicate that the document must declare that the movant has "in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R.Civ.P. 37(a)(2)(B). However, in order to effectuate the underlying policy of the federal rule, a moving party must include more than a cursory recitation that counsel have been "unable to resolve the matter." Counsel seeking court-facilitated discovery, instead, must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties. That is, a certificate must include, *inter alia,* the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any.

### 2. Performance

In addition to including the actual certification with a motion compelling discovery, the movant must have performed as set forth in the rule. This means a moving party must in good faith confer or attempt to confer with the nonresponsive party regarding the discovery dispute. The first element of performance is "good faith" in conferring. "Good faith" under 37(a)(2)(B) contemplates, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute, freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information without court action. *See,* Black's Law Dictionary 624 (5th ed. 1979). "Good faith" is tested by the court according to the nature of the dispute, the reasonableness of the positions held by the respective parties, and the means by which both sides conferred. Accordingly, good faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate to secure court intervention; rather it mandates a genuine attempt to resolve the discovery dispute through non-judicial means.

The "conferment" is the second component of performance. It requires a party to have had or attempted to have had an actual meeting or conference. Such an obligation is clear from the plain meaning of the word "confer", which derives from the Latin roots *com* meaning "together" and *ferre* meaning "to bring." Hence, the word literally translates as "to bring together." The Court therefore finds that in order to bring a proper motion to compel under Rule 37(a)(2)(B), a moving party must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention. *See, Nevada Power Co. v. Monsanto Co.,* 151 F.R.D. 118 (D.Nev.1993).

## C. ANALYSIS

Interpreting Fed.R.Civ.P. 37(a)(2)(B) is a case of first impression for this district. The Court, however, is not entirely without of direction. As stated previously, the good faith conferment language incorporated into Rule 37 was based in part due to the successful experience of this and other federal districts in resolving discovery disputes. Previously, the District of Nevada local rules required a party moving to compel discovery to initiate sincere, "personal consultation," either in person or by telephone. *Hunter v. Moran,* 128 F.R.D. 115 (D.Nev.1989). The mere sending of a letter demanding supplemental responses to interrogatories was insufficient. *Id.* Moreover, the personal consultation requirement had to be more than just a "formalistic prerequisite" to judicial resolution of a discovery dispute, but rather a "sincere effort" where both parties presented the merits of their respective positions and meaningfully assessed the relative strengths of each. *Nevada Power Co. v. Monsanto Co., supra.* Judicial intervention in discovery matters was therefore not appropriate unless (1) informal negotiations reached an impasse on a substantive issue in dispute, or (2) a party acted in bad faith either by refusing to engage in negotiations or by refusing to provide specific support for claims of privilege. *Id.* at 120.

The present federal certification requirement set forth in Rule 37(a)(2)(B) should be interpreted from this historical perspective. Accordingly, the express terms of Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure encompass this district's successful certification requirements. D & D must therefore include with its motion to compel discovery a proper certification which sets forth specific facts sufficient to prove to the court that it actually conferred in good faith or attempted to confer with Shuffle Master in an effort to secure discovery without court action.

 D & D's certification stated only that "after personal consultation and sincere effort to do so, counsel have been unable to satisfactorily resolve this matter." D & D Mot. to Compel (# 51) at 4. D & D failed to specify who, when, or how the parties attempted to personally and meaningfully discuss the discovery dispute. In fact, rather than attempting to personally confer in good faith, the record shows that D & D only transmitted facsimiles, save one telephone call placed to Shuffle Master on December 22, 1995. *See,* Facsimile 1, attached to D & D's Mot. to Compel as Exhibit D. Moreover, because D & D's original discovery dispute concerned the identification of casinos that used the Let It Ride® or Let It Ride The Tournament® and the number of games in those establishments rather than the exact "legal" names of each casino, D & D never personally conferred with Shuffle Master regarding the dispute over "legal" casino names. Consequently, D & D's certification that "counsel have been unable to satisfactorily resolve this matter" is deficient.

 As D & D's certification portends, its legal counsel has also failed to confer or attempt to confer with Shuffle Masters' counsel in good faith in an effort to secure discovery. D & D's lack of good faith is evident, not in the unreasonableness of its position, but rather by the inadequate means through which its counsel attempted to confer. Telecopied demand letters to opposing counsel demonstrate D & D counsel's insufficient level of sincerity to his obligation to meet and resolve the discovery dispute without court intervention. In addition to this lack of good faith, D & D's counsel has not conferred personally with the opposing party to meaningfully discuss the dispute. Again, "conferring" under Rule 37(a)(2)(B) must be a personal or telephonic consultation during which the parties engage in meaningful negotiations or otherwise provide legal support for their position. D & D, however, has never personally discussed with opposing counsel a reasonable resolution to their discovery dispute other than to once inform Shuffle Master on December 22, 1995, that its interrogatory responses were incomplete. *See,* Facsimile 1, attached to D & D's Mot. to Compel as Exhibit D. The series of facsimiles sent by D & D's counsel do not satisfy the requirement set forth in Rule 37 that the movant in good faith confer or attempt to confer with the other party in order to secure discovery.

## D. ATTORNEYS' FEES

Federal Rule of Civil Procedure 37(a)(4) permits a moving party to recover reasonable expenses incurred in making a discovery motion, including attorney's fees, provided the court grants the motion or the discovery is provided after the filing of the motion. The awarding of expenses and attorney's fees are not appropriate, however, where the moving party filed a motion without first making a good faith effort to obtain the discovery through non-judicial channels. Fed.R.Civ.P. 37(a)(4)(A). D & D failed to make this effort. Accordingly, its request for attorney's fees must be denied.

## CONCLUSION

D & D has failed to set forth in full the text of the discovery originally sought and the responses thereto. Additionally, it has failed to include a sufficient certification that it has in good faith conferred or attempted to confer with Shuffle Master in an effort to secure the information it seeks without court action. Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure contemplates a certification evidencing to the court a genuine two-way communication wherein both parties engaged in meaningfully dialogue to resolve each specific discovery dispute without judicial intervention. In order to achieve this Congressional and judicial policy, the certification must not merely track statutory language; rather, it must include, *inter alia*, (1) the names of the parties who conferred or attempted to confer, (2) the manner by which they communicated, (3) the date and time of that communication, (4) the specific discovery disputes discussed, and (5) the results of their meaningful discussions, if any, or an explanation as to why such meaningful discussions were not had. With a proper certification, the court may then determine whether the moving party has (1) in good faith (2) actually conferred or attempted to confer with the opposing party.

D & D has failed to provide to the court an adequate certification that it has in good faith conferred or attempted to confer with Shuffle Master in order to resolve its discovery dispute. Specifically, the certification alleges no facts which demonstrate a good faith conferment. D & D's counsel placed only one telephone call and four facsimiles to counsel for Shuffle Master. No meaningful discussions were held. In fact, rather than negotiate a reasonable solution, D & D's counsel merely demanded supplemental discovery by referring to D & D's broad discovery requests. Because D & D acted without making a good faith effort to obtain discovery, awarding reasonable expenses to D & D for bringing its motion would be inappropriate.

By requiring motions to compel to include fact-specific certification that the movant has in good faith conferred or attempted to confer with the party failing to make discovery, the court will ensure that the purposes of the 1993 amendment to 37(a)(2)(B) are not circumvented, and that each movant has genuinely attempted to secure discovery without court intervention. Furthermore, encouraging parties to personally engage in sincere, substantive discussions regarding discovery disputes will lead to fewer discovery misunderstandings among the litigating parties and improved judicial economy.

## ORDER

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that D & D Gaming Patents, Inc.'s Motion to Compel Discovery Responses From Shuffle Master, Inc. (# 51) is DENIED. Shuffle Master, Inc.'s Request for Oral Argument in D & D's Motion is therefore moot and also DENIED.