In re Robert Jeffrey JOHNSON,
Debtor.

Susan L. Rhiel, Trustee, Plaintiff

v.

Kathleen D. Hook, Defendant.

Bankruptcy No. 06–51887.
Adversary No. 08–02114.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

June 16, 2009.

Christy Prince, Kegler, Brown, Hill & Ritter, LPA, Larry J. McClatchey, Columbus, OH, for Plaintiff.

Susan L. Rhiel, Columbus, OH, pro se.

Arnold S. White, Columbus, OH, for Defendant.

*ORDER DENYING MOTION FOR OR-*
*DER COMPELLING ANSWERS TO*
*INTERROGATORIES AND RE-*
*SPONSES TO REQUEST FOR*
*PRODUCTION OF DOCUMENTS*
*AND RESETTING DISCOVERY*
*DEADLINE*

C. KATHRYN PRESTON, Bankruptcy Judge.

Plaintiff Susan L. Rhiel ("Trustee") initiated this adversary proceeding to avoid and recover for the benefit of the estate certain alleged transfers between Defendant Kathleen D. Hook ("Hook") and Robert Jeffrey Johnson, Debtor in the underlying Chapter 7 bankruptcy case. In the prosecution of this adversary proceeding, certain discovery disputes have arisen that the parties have been unable to resolve. Before the Court are the Defendant's Motion for Order Compelling Answers to Interrogatories and Responses to Request for Production of Documents ("Motion to Compel") (Doc. 27) and the Plaintiff's Memorandum in Opposition thereto ("Response") (Doc. 32). Because Hook did not fully satisfy the certification of good faith conferral requirement of Rule 37(a)(1), the Motion to Compel must be denied.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this District. This is a core proceeding pursuant to 11 U.S.C. § 157(b)(2).

## I. Factual Background

The relevant facts are not in dispute and may be summarized as follows: On or about November 5, 2008, Hook served the Trustee with Hook's First Set of Interrogatories to Plaintiff ("Interrogatories") and a Request for Production of Documents. On November 26, 2008 the Trustee informed Hook by email that the Trustee would be unable to respond to the Request for Production of Documents or answer the Interrogatories within the time period provided. The email also indicated that "[g]iven the breadth of [Hook's] request and the quantity of material that is potentially within the scope of [the] request, the only feasible way for us to respond is to simply set [Hook] up in one of [the Trustee's] conference rooms and give [her] access to the several file cabinets of material." By reply email later that same day, Hook requested that if the Trustee intended to produce business records pursuant to Rule 33(d),[1] the Trustee would need to

---

1. Federal Rule of Civil Procedure 33(d), made applicable to adversary proceedings by Bankruptcy Rule 7033, provides that, "[i]f an answer to an interrogatory may be determined by examining … a party's business records … and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may

specify which records needed to be reviewed. Hook's email did not otherwise object to the lateness of the answers or documents or to the Trustee's intent to provide access to her files.

On December 18, 2008 Trustee responded to Hook's Request for Production of Documents, objecting that the requests were "vague and overbroad because it is impossible for [Trustee] to determine which documents 'relate to' any allegations made by [Trustee]." Trustee did provide certain documents she determined to be responsive and further indicated her willingness to allow Hook to inspect and copy business records at the Trustee's office.

On December 22, 2008 Trustee provided Answers to the Interrogatories, including copies of certain relevant documents. The Trustee objected that all questions were vague and overly broad and restated her intention to produce business records as authorized by Bankruptcy Rule 7033—by allowing inspection of files at Trustee's office.

On January 19, 2009, Hook sent to the Trustee a letter ("Letter") asking Trustee to explain why the request was vague and overbroad, asking that the documents to be inspected and copied at the Trustee's office be categorized and labeled to correspond with the various paragraphs in Trustee's complaint, and indicating that a motion to compel would be filed if the Trustee failed to properly respond to Hook's discovery requests. It appears the parties had no additional communications regarding the Interrogatories or Production of Documents—whether by phone or in person, by email or letter—either before the Letter or after. On January 26, 2008, Hook filed the Motion to Compel asking the Court to order the Trustee (1) to respond fully and completely to the Interrog-

atories and Request for Production of Documents and (2) to pay the $750 attorney fees Hook incurred in bringing the Motion to Compel.

## II. Discussion

Failures to cooperate in discovery are governed by Federal Rule of Civil Procedure 33, made applicable to adversary proceedings by Bankruptcy Rule 7037, which provides in relevant part as follows:

(a) Motion for an Order Compelling Disclosure or Discovery.

(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

(2) Appropriate Court. A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

(3) Specific Motions.

(A) To Compel Disclosure. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

(B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

(i) a deponent fails to answer a question asked under Rule 30 or 31;

answer by" specifying the records to be reviewed such that may be readily located and

providing access and reasonable opportunity to examine the records. Fed. R. Civ. P 33(d).

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

(C) Related to a Deposition. When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

(4) Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5) Payment of Expenses; Protective Orders.

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

(B) If the Motion Is Denied. If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

(C) If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed.R.Civ.P. 37(a).

■ A party filing a motion to compel must include a certification that the movant has in good faith conferred or attempted to confer with the opposing party in an attempt to resolve the discovery dispute without court involvement. Fed.R.Civ.P. 37(a)(1). This requirement is comprised of two separate components:

First is the actual *certification* document. The certification must accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute. Second is the *performance*, which also has two elements. The moving party performs, according to the federal rule, by certifying that he or she has (1) in good faith (2) conferred or attempted to confer. Each

of these two subcomponents must be manifested by the facts of a particular case in order for a certification to have efficacy and for the discovery motion to be considered.

*Shuffle Master, Inc. v. Progressive Games, Inc.,* 170 F.R.D. 166, 170 (D.Nev.1996).

■ The *Shuffle Master* Court explained that the purpose of the certification requirement is "to encourage litigants to resolve discovery disputes by informal means before filing a motion with the court." *Id.* at 171.

[I]n order to effectuate the underlying policy of the federal rule, a moving party must include more than a cursory recitation that counsel have been "unable to resolve the matter." Counsel seeking court-facilitated discovery, instead, must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties. That is, a certificate must include, *inter alia,* the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any.

*Id.*

■ The performance component contains "good faith" and "conferment" subcomponents.

"Good faith" under [37(a)(1)][2] contemplates, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute, freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information without court action. "Good faith" is tested by the court according to the nature of the dispute, the reasonableness of the positions held by the respective parties, and the means by which both sides conferred. Accordingly, good faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate to secure court intervention; rather it mandates a genuine attempt to resolve the discovery dispute through non-judicial means.

*Id.* The "conferment" subcomponent requires the moving party "to have had or attempted to have had an actual meeting or conference with the nonresponsive party." *Id.* That is, the "moving party must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Id.* The movant's belief regarding whether or not such a meeting or conference would ultimately lead to successful resolution of the discovery dispute is beside the point. *See Leimbach v. Lane (In re Lane),* 302 B.R. 75 (Bankr.D.Idaho). It is the genuine attempt to meet or confer, the honest effort to discuss the issue in hope of reaching resolution, that is the prerequisite to a valid motion to compel.

■ In the present case, it is not apparent that any of the three certification

---

**2.** The *Shuffle Master* Court considered an earlier version of Rule 37 in which the certification requirement appeared in 37(a)(2)(B) as follows: "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without curt action." The same certification requirement, with nearly identical language, now appears in 37(a)(1). "The language of Rule 37 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." Fed. R. Civ. P 37 advisory committee note.

requirements are satisfied. First, there is no certification included with Hook's Motion to Compel. The Motion to Compel does contain the following assertion: "By way of informal efforts, Counsel for Defendant tried by phone, email (copy attached), and letter (copy attached) to obtain Plaintiff's compliance, but she refuses to comply." But this cursory declaration hardly satisfies the "who, where, how, and when" specifics contemplated by the *Shuffle Master* Court. Nor is this requirement overcome by the email and letter included with the Motion to Compel. *See Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D.Miss.2001) ("The Court is unwilling to decipher letters between counsel to conclude that the requirement is met."); *Sanchez v. Washington Mutual Bank (In re Sanchez)*, 2008 WL 4155115, *2 (Bankr. E.D.Cal.) ("The court will not wade through a lengthy series of letters in order to determine whether the parties in good faith attempted to resolve their differences."). It is the movant's responsibility to certify its good faith efforts to confer and resolve, not the Court's to search through attached correspondence and interpret emails and letters to determine whether movant has satisfied its Rule 37(a)(1) obligation.

■ Second, the Court does not believe the actions taken by Hook rise to the level of good faith contemplated by Rule 37(a)(1). The discovery dispute at issue involves the Trustee's Answers to Interrogatories and Production of Documents and centers around (1) Trustee's objections thereto and (2) Trustee's intent to allow inspection and copying of business records rather than actually providing Hook with copies the documents. Hook knew as early as the email exchange on November 26, 2008 that Trustee intended to object to the Interrogatories as overbroad and that Trustee intended to allow inspection and copying. This was positively confirmed in mid- to late-December 2008 when Trustee served her Answers to Hook's Interrogatories and responded to the Request for Production. It is precisely at this point in time that one would expect to see a flurry of emails, letters, and/or phone calls between the parties as they attempt to address the dispute, examining the positions of both parties and discussing their merits in hope of resolving some or possibly all of their discovery disagreements. Instead, it appears Hook had no further communication with the Trustee regarding the discovery issues until the Letter of January 19, 2009. Though the Letter indicates Hook is trying "one more time to resolve informally [Trustee's] failure to comply with [Hook's] discovery requests and Interrogatories," the Letter is as much threat as attempt to resolve issues, stating "[W]e demand that you respond properly to the discovery described above not later than noon January 26, 2009. Failure to do so will result in our filing a motion to compel and to request attorney fees." From the time the discovery dispute arose, Hook remained silent for approximately four weeks, then wrote a single letter providing Trustee one week to "respond properly" or face a motion to compel and possibly attorney fees. The Court simply cannot see how such behavior could satisfy the requirement that movant in good faith attempt to confer and meaningfully discuss the discovery dispute.

■ Third, having reviewed the Motion to Compel, as well as the email and Letter attached as exhibits, the Court finds no indication that Hook ever conferred or attempted to confer with Trustee. " '[C]onferring' under [Rule 37(a)(1) ] must be a personal or telephonic consultation during which the parties engage in meaningful negotiations or otherwise provide legal support for their position." *Shuffle Mas-*

*ter*, 170 F.R.D. at 172. Nothing in the record indicates such a conference was held or attempted.

■ For the reasons explained above, the Court concludes Hook did not properly certify that she has in good faith conferred or attempted to confer with Trustee in an effort to obtain the desired discovery. Hook's Motion to Compel, therefore, fails to satisfy the requirements of Rule 37(a)(1) and must be denied.[3]

Hook has also requested that this Court order Trustee to pay $750.00 in attorney fees incurred in filing the Motion to Compel. If the Motion to Compel is unsuccessful, however, no such award of cost or attorney fees to movant is appropriate.

*Shuffle Master*, 170 F.R.D. at 173. Accordingly, it is

**ORDERED** that Defendant's Motion for Order Compelling Answers to Interrogatories and Responses to Request for Production of Documents (Doc. 27) is **DENIED** without prejudice. It is further

**ORDERED** that, in light of the passage of the April 30, 2009 discovery deadline while this matter was under advisement, the deadline to complete discovery is hereby extended to August 15, 2009.

**IT IS SO ORDERED.**

3. Having concluded that Hook's failure to provide proper Rule 37(a)(1) certification renders the Motion to Compel procedurally defective, the Court need not address the substantive aspects of the underlying discovery dispute. However, the Court has reviewed the Trustee's Answers to Hook's Interrogatories and Response to Request for Production of Documents (as well as the Trustee's objections expressed therein), and feels that some comment is necessary.

Trustee has expressed her intent to allow inspection and copying of relevant documents at her office pursuant to Rule 33(d); in her Answers, she has also "disclaim[ed] any further responsibility to 'identify' responsive documents." To the extent the Trustee believes her discovery obligation is satisfied simply by providing Hook access to "several file cabinets of material" and a conference room in which to review those documents, this Court disagrees. The Rule expressly provides that the responding party must "specify[ ] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" Fed.R.Civ.P. 33(d)(1). "The option afforded by Rule 33(d) is not a procedural device for avoiding the duty to give information. The responding party may not avoid answers by imposing on the interrogating party a mass of business records from which the answers cannot be ascertained by a person unfamiliar with them.... Rather, the

responding party has a 'duty to specify, by category and location' the records from which he knows the answers ... can be found." *In re G–I Holdings, Inc.*, 218 F.R.D. 428, 438 (D.N.J.2003) (*quoted in Cambridge Elec. Corp. v. MGA Elec., Inc.*, 227 F.R.D. 313, 322–23 (C.D.Cal.2004)). Whether the Trustee intended to specify responsive documents as required by rule or whether Hook is correct to characterize Trustee's Answers as an invitation "to wander through [her files], to forage in futility" is a matter that could have been— and should have been—resolved informally through the parties' good faith efforts to confer and discuss their disagreements with even a modicum of candor. Instead the record reveals something less than full cooperation, from either side.

Judge Thomas Waldron has described the importance of collaboration to the effectiveness of the discovery process as follows:

[T]he discovery process is contemplated to be self-executing by counsel and not a process which requires repeated court intervention or supervision. It contemplates counsels' cooperation from commencement to conclusion in order to realize the underlying purpose of discovery—mutual pretrial disclosure of non-privileged relevant facts and information to prevent surprise and enhance trial presentation or settlement.

*Ledford v. State Farm Fire and Casualty Co. (In re Sams)*, 123 B.R. 788, 790 (Bankr. S.D.Ohio 1991).