VERMONT SUPERIOR COURT

Environmental Division

Docket No. 25-ENV-00037

32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



| 2508 West Lake Road Nonconforming Structure |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion to Compel

Filer:        Justin B. Barnard, attorney for Appellant

Filed Date:    December 10, 2025

       Applicant's Memorandum in Opposition to Motion to Compel, filed December 17, 2025, by Frank P. Urso, attorney for Joseph and Patricia Adams

       Reply in Support of Motion to Compel, filed December 19, 2025, by Justin B. Barnard

**The motion is DENIED.**

This is an appeal from a May 8, 2025 decision of the Town of Poultney (Town) Development Review Board (DRB) granting Joseph and Patricia Adams' (Applicants) application to alter and enlarge a nonconforming structure located at 2508 Westlake Road in the Town (the Property). Appellant, Wyldwood Lodge LLC, has moved pursuant to V.R.E.C.P. 2 and V.R.C.P. 37(a) to compel the production of certain documents, which Applicants oppose. For the reasons discussed below, the Court concludes that the motion and supporting memorandum do not meet the requirements of V.R.C.P. 26(h). Therefore, the motion is denied.

On August 20, 2025, this Court approved a Stipulated Scheduling Order (Scheduling Order). The Scheduling Order provided that written discovery in this case must be served no later than September 26, 2025, with responses due as prescribed by the Civil Rules. The Scheduling Order further provided that depositions of all witnesses other than expert witnesses must be taken no later than December 19, 2025, and that depositions of expert witnesses must be taken no later than February 13, 2026. Discovery is scheduled to be complete and the case trial ready by February 13, 2026.

Appellant served a set of discovery requests (consisting of 18 interrogatories, 26 requests for production, and 6 requests for admission) on Applicants on September 8, 2025, to which Applicants

responded on October 9, 2025. Dissatisfied with some of the responses, Appellant's counsel sent a letter to Applicants' counsel on October 17, 2025, and thereafter counsel for both parties conferred by telephone on October 28. Applicants provided supplemental discovery responses to Appellant on November 12, 2025. Still dissatisfied, Appellant's counsel sent a follow up letter to Applicants' counsel on November 24, 2025. Responding by email, Applicants' counsel indicated that his client would not be further supplementing their discovery responses. Thereafter, according to Appellant's motion, "counsel again conferred (unsuccessfully) by phone on the morning of December 8, 2025."

Appellant seeks responses to three categories of requests for production of documents. This can be summarized as: (1) communications with design professional and contractors (Requests to Produce 2, 3, 4, 6 & 7); (2) photographs and video recordings (Requests to Produce 14–17), and; (3) area calculations (Request to Produce 18). Appellant's motion was not accompanied by an affidavit or certificate signed by Attorney Barnard attesting to Rule 26(h) compliance as required by V.R.C.P. 26. After Applicants noted the absence of such a Rule 26(h) affidavit/certification in their opposition filing, Attorney Barnard filed a declaration with Appellant's reply memorandum.[1]

Except as otherwise modified by this Court's procedural rules, the Vermont Rules of Civil Procedure govern appeals from decisions of appropriate municipal panels to this Court. V.R.E.C.P. 5(a)(2). In general, parties are permitted to make inquiries "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." V.R.C.P 26(b)(1). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." V.R.E. 401. Despite the broad language of the rule, the concepts of privilege, relevancy and proportionality constrain the scope of allowable discovery. The rule's scope may also be constricted when a party from whom discovery is sought shows a need for protection "from annoyance, embarrassment, oppression, or undue burden or expense." V.R.C.P. 26(c). In other words, even though the information sought may be relevant and not privileged under Rule 26(b)(1), the court may refuse to order a party to produce it. Schmitt v. Lalancette, 175 Vt. 284, 288 (2003). Further, in proceedings before the Environmental Division, this Court is directed by statute to "limit discovery to that which is necessary for a full and fair determination of the proceeding." 4 V.S.A. § 1001(g)(3); see also Reporter's Notes, V.R.E.C.P. 2(c) ("The statutory directive … calls for

---

[1] The declaration filed by Attorney Barnard in place of an affidavit meets the requirements of Rule 43.

the court to order no more nor less discovery than is required to [ensure a full and fair determination].").

Pursuant to Rule 26(h), counsel have an obligation to make good faith efforts to resolve or reduce all differences relating to discovery procedures and avoid filing unnecessary motions. V.R.C.P. 26(h). Thus, prior to filing any motions under Rules 26 and 37, counsel making the motion must first confer with opposing counsel or attempt to confer with opposing counsel:

> [A]bout the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the court, as part of his or her motion papers, an affidavit or a certificate of a party's attorney subject to the obligations of Rule 11 certifying that he or she has conferred or has attempted to confer with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the court, and has been unable to reach such an agreement.

V.R.C.P. 26(h) (emphasis added). Rule 26(h) further provides that "memoranda with respect to any discovery motion shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." Id. In discussing the imposition of sanctions for discovery violations under Rule 37(b), a panel of the Vermont Supreme Court has emphasized the importance of strict compliance with V.R.C.P. 26(h)'s procedural requirements, including "a motion to compel accompanied by an affidavit by counsel for the moving party . . ." Jackson v. Powers, No. 2003-210 (Vt. Nov. Term 2003) (unpub. mem.). The Court finds this strict compliance approach to Rule 26(h) persuasive.

In this case, the Appellant's motion was not accompanied by an affidavit or certification under Rule 26(h) at the time that it was filed. This is inconsistent with the Rule, cited in full above. Here, Appellant's counsel only filed a declaration with his reply memorandum after Applicant's counsel noted the absence of an affidavit or certificate accompanying the motion. This after-the-fact filing does not satisfy the requirements of strict compliance with Rule 26(h). It further deprives Applicants an opportunity to respond to the contents of the affidavit.

Appellant argues that a separate affidavit or certification is not required under Rule 26(h) because, by signing the motion, counsel is certifying compliance with Rule 11, and that this is adequate for the purposes of Rule 26(h). The Court disagrees. The plain language of Rule 26(h) clearly

contemplates the filing of a separate affidavit or certification, containing specified information, that is separate and distinct from the discovery motion. This is in addition to the fact that the motion must be signed pursuant to Rule 11. To adopt Appellant's interpretation would be to render the affidavit provision of Rule 26(h) mere surplusage. See In re Jenness, 2008 VT 117, ¶ 24, 185 Vt. 16; see also State v. Amidon, 2008 VT 122, ¶ 16, 185 Vt. 1 ("In interpreting rules of procedure . . . we employ tools similar to those we use in statutory construction."). Accordingly, the Court disagrees with Appellant.

Thus, the Court concludes that Appellant failed to comply with Rule 26. Therefore, its motion is deficient and must be **DENIED**.

The Court notes there are additional deficiencies with the motion. First, the declaration does not establish that counsel for the parties conferred in detail and in good faith as contemplated by Rule 26(h). Vermont courts (as well as other jurisdictions) interpret the word "confer" to require, ideally, an in-person meeting or a *substantive* telephone (or virtual) call. Weide v. Harwood Unified Union School Dist., No. 24-CV-02166 (Sept. 23, 2025) (Richardson, J.) (citing Vermont cases); Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 172 (D. Nev. 1996) ("conferring" requires "a personal or telephonic consultation during which the parties engage in meaningful negotiations"). Here, the declaration merely states that the parties spoke by telephone regarding Appellant's November letter and were unable to narrow or resolve any remaining disputes. Without more, the evidence presented does not show the parties' conference met the standards laid out by Vermont courts.[2]

Further, Appellant's memorandum in support of its motion summarizes their requests for production and general issues with Applicants' discovery responses. It does not provide a "specific verbatim listing" of the items of discovery sought, but instead directs the Court to various exhibits to ascertain these items. This deficiency represents an additional failure to comply with Rule 26(h)'s standard.

Finally, it bears noting that is a de novo appeal, not an on-the-record appeal. This means that the Court will consider the Applicants' application anew, without regard to what happened before the DRB. V.R.E.C.P. 5(g). The Applicants will have the burden of presenting evidence regarding their calculation(s) of the area of the pre-existing nonconforming structure and any proposed expansion thereof, in addition to demonstrating conformance with the Town's zoning regulations. The

---

[2] It appears to the Court that both parties may have fallen short of their obligation to confer in good faith, but as the moving party Appellant has the burden of demonstrating specific compliance with the Rule.

Appellant will have an opportunity to cross-examine Applicants' witnesses on their calculations and expansion plans. The Appellant may also present its own area calculations/methodology and legal argument regarding how the Court should interpret/apply the applicable regulations based on the evidence. The Court will determine whether to grant approval based on the application and evidence presented at trial and the language of the zoning regulations. For this reason, historic calculations, past applications to the DRB and any individual's (e.g., Applicants, design professionals or others) previous statements about the structure and/or calculation methods[3] are of marginal relevance at best, given the Court's trial de novo standard.[4] By contrast, photographs and videos depicting the structure's interior, pre- and post-construction, are broadly relevant and should be produced if they exist, with consideration given to proportionality and the reasonable needs of this case. The parties should also recognize that, to the extent particular documents and photographs are specifically sought, but are not produced, that the party failing to produce the documents may be precluded from relying upon them at trial. The parties are directed to confer, substantively and in good faith, in light of this guidance provided by the Court.[5]

For the foregoing reasons, the motion is **DENIED**. The Court shall set this matter for a status conference in early February 2026 to discuss scheduling issues and any other matters of concern to the parties and the Court.

Electronically signed on December 31, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

[3] i.e., "the various, competing ways in which the area of the structure has been calculated in the course of designing the several expansions proposed by Applicants in 2023 and 2024 . . . ."

[4] For example, even if the Applicants or their consultants previously admitted that the area of the structure was "X" square feet, the Court will still determine anew the area of the structure based on the credible evidence presented at trial.

[5] To the extent further Court involvement may be required, the Court requires strict compliance with both the letter and the spirit of Rule 26(h). Particular disputes must be detailed with specificity. Each specific request for production must be identified clearly; any responsive production must be described clearly; the asserted deficiency must be described clearly; and progress or lack thereof that occurred at the conference also must be detailed.