**COMPASS BANK, Plaintiff,**

v.

**Theron Mardiros SHAMGOCHIAN, Defendant.**

**Civil Action No. 5:11–cv–193.**

United States District Court, S.D. Texas, Laredo Division.

Nov. 2, 2012.

Sarah Patricia Santos, The Davis Group Attorneys & Counselors, P.C., San Antonio, TX, for Plaintiff.

Michael S. Warda, Michael S. Warda, a Professional Law Corporation, Turlock, CA, Ralph Abercia, Attorney at Law, Houston, TX, for Defendant.

### MEMORANDUM AND ORDER

J. SCOTT HACKER, United States Magistrate Judge.

Pending before the Court is Plaintiff "Compass Bank's Motion to Compel," (Dkt. No. 17), filed October 5, 2012. Therein, Plaintiff alleges that Defendant Theron Mardiros Shamgochian's responses to Plaintiffs First Set of Interrogatories, Requests for Production, and Requests for Admissions are "inadequate, incomplete and/or confusing." (Dkt. No. 17, ¶ 5). Among other things, Plaintiff contends that, despite having months to substantiate or supplement his

---

responses, Defendant has failed to produce a single document. (*Id.* ¶ 7). Rather, Defendant's responses to the Requests for Production consist primarily of statements that "[d]iscovery has just commenced. *Plaintiff* will provide such documents once discovered." (*Id.*). Plaintiff therefore requests the Court to compel Defendant to "serve meaningful responses" and "enter an order against Defendant in the amount of $1,500.00 for the reasonable expenses, including attorney's fees, for the filing of [the instant] motion . . . ." (*Id.* at 6). Finally, the Court notes that Defendant did not respond to the instant motion.[1]

## I. DISCUSSION

### A. *Federal Rule of Civil Procedure 37*

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." Fed.R.Civ.P. 37(a)(1). In making its request, Plaintiff relies on subdivision (a)(4) of Rule 37, which dictates that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed.R.Civ.P. 37(a)(4). The rule not only authorizes the Court to compel disclosures and to cooperate in discovery, but even empowers the Court to impose monetary sanctions for "the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R.Civ.P. 37(a)(5)(A). However, the rule also clearly enunciates that a movant's motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.P. 37(a)(1).

### i. Certification

While Fifth Circuit case law analyzing Rule 37's requirement that a motion to compel include a certification of a good faith conferral or attempt to confer is sparse, a number of district courts have addressed the issue in depth. A hallmark case on the matter, *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D.Nev.1996), determined that Rule 37 mandated that a necessary component to a facially valid motion to compel is an actual certification,[2] which "must accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Id.* at 170. Thus, the certification should include the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any. *Id.* at 171. Cursory language is not enough. *Id.* The certification requirement was added to advance the underlying policy of the rule, which was to encourage litigants to resolve their discovery disputes by informal means before seeking court intervention.[3] *Id.* Essentially, the movant must convey to the court sufficient facts to enable it to determine the "adequacy and sincerity of the good faith conferment between the parties." *Id.*

---

1. As previously noted, Plaintiff filed the present motion on October 5, 2012. In the twenty-one days since Plaintiffs Motion was filed, Defendant has failed to file a response with the Court. Pursuant to the Local Civil Rules for the Southern District of Texas, a party must respond to any opposed motions within twenty-one days of filing. *See* S.D. Tex. Civ. R. 7.3. Failure to respond to said motions "will be taken as a representation of no opposition." S.D. Tex. Civ. R. 7.4. Therefore, the Court could presume Defendant is not opposed to the present Motion to Compel. As such, the Court will rely solely on Plaintiff's representation of the facts.

2. It is undisputed that Rule 37 does not expressly impose a requirement that the certification be in the form of a Certificate of Conference at the end

of the motion; hence, the certification may simply be included in the language in the body of the motion. *See, e.g., In re Presto*, 358 B.R. 290, 292 (Bankr.S.D.Tex.2006) (analyzing Federal Rule of Civil Procedure 37, which applies to adversary proceedings in Bankruptcy Court pursuant to Bankruptcy Rule 7037).

3. Compliance with the requirements of the rule would not only lessen the burden on the court, but it would reduce the unnecessary expenditure of resources by litigants, through the promotion of extrajudicial resolution of discovery disputes. *Limtiaco v. Auction Cars.Com, LLC*, No. 2:11–cv–00370, 2012 WL 5179708, at *2 (D.Nev. Oct. 17, 2012) (quoting *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993)).

### ii. Good Faith Conferral or Attempt to Confer

As obvious from the language of the rule, the rule also demands that the moving party must have in good faith conferred or attempted to confer with the opposing party regarding the discovery dispute. *Shuffle Master,* 170 F.R.D. at 171. The "good faith" language encompasses, among other things, "honesty in one's purpose to meaningfully discuss the discovery dispute . . . and faithfulness to one's obligation to secure information without court action." *Id.* (citing Black's Law Dictionary 624 (5th ed. 1979)). The *Shuffle Master* Court was careful to note that good faith "cannot be shown merely through the perfunctory parroting of statutory language . . . to secure intervention; rather[,] it mandates a genuine attempt to resolve the discovery dispute through non-judicial means." *Id.* Not only must the movant exhibit good faith, but the party need actually attempt a meeting or conference. *Id.* The "conferment" requirement entails two-way communication, communication which is necessary to genuinely discuss any discovery issues and to avoid judicial recourse. *Id.* Significantly, the parties are not to treat the informal negotiation process as simply a formal prerequisite to judicial review of the discovery dispute. *Limtiaco,* 2012 WL 5179708, at *2.

### iii. Analysis

Plaintiff's motion states that "Compass Bank, in good faith attempted to confer with Shamgochian to resolve this matter was unsuccessful, making Court intervention necessary." (Dkt. No. 17, ¶ 5). In support of this contention, Plaintiff points to a letter it sent to Defendant, dated September 14, 2012, which delineates the flaws in Defendant's responses. (Dkt. No. 17, Ex. A–9). In the letter, Plaintiff requests that Defendant provide complete and proper responses within the next week, or else Plaintiff "will proceed with filing a motion to compel and will seek appropriate sanctions and relief pursuant to Fed.R.Civ.P. 37." (*Id.*) The letter also includes the formal recitation that "this letter [ ] serves as Compass Bank's attempt to confer . . . in order to avoid court intervention. . . ." (*Id.*) While the Court believes that Plaintiff in this case did in fact satisfy the certification requirement, the same cannot be said for Plaintiff's obligation to in good faith confer or attempt to confer.

Several cases have outlined what efforts are insufficient to constitute a good faith conferral or attempt to confer. *See Limtiaco,* 2012 WL 5179708, at *3 (concluding that several letters identifying the perceived failings of the defendant's discovery responses did not constitute the necessary effort required by Rule 37); *Velazquez–Perez v. Developers Diversified Realty Corp.,* 272 F.R.D. 310, 312 (D.P.R.2011) (determining the emails and letters sent to defendant did not reveal that a good faith effort was made); *Robinson v. Napolitano,* No. CIV. 08–4084, 2009 WL 1586959, at *3 (D.S.D. June 4, 2009) (finding that the government's letter to the plaintiff, outlining why his discovery responses were deficient, did not satisfy the meet-and-confer requirement); *Williams v. Board of County Com'rs of Unified Gov't of Wyandotte County and Kansas City, Kan.,* 192 F.R.D. 698, 699 (D.Kan.2000) (clarifying that "sending unanswered correspondence to opposing counsel demanding discovery be produced by a specific deadline" does not satisfy the duty to confer); *Cotracom Commodity Trading Co. v. Seaboard Corp.,* 189 F.R.D. 456, 459 (D.Kan.1999) (deciding that "parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery" by an arbitrary deadline, because the parties need to "deliberate, confer, converse, [and] compare views"); *Shuffle Master,* 170 F.R.D. at 172 (stating that "[t]elecopied demand letters to opposing counsel demonstrate" both a lack of good faith and a lack of conferment). Though the distinction between the cases just listed, where the effort was found insufficient, and those cases wherein the good faith conferral requirement was met is slight, there is nonetheless a distinction. *See Antonis v. Elecs. for Imaging, Inc.,* No. 07–cv–163–JL, 2008 WL 169955, at *1 (D.N.H. Jan. 16, 2008) (noting "as a general principle, simply reiterating demands for production in a series of emails probably does not meet the requirement that the parties confer in good faith about discovery issues before invoking

judicial remedies," but finding that repeated emails and phone calls between counsel suffices for the required effort); *Care Environmental Corp. v. M2 Technologies Inc.*, No. CV–05–1600 (CPS), 2006 WL 1517742, at *1, *3 (E.D.N.Y. May 30, 2006) (concluding that a good faith effort to confer had occurred when the parties exchanged emails and had a two hour "substantive" telephone conversation, because "confer" meant to "meet, in person or by telephone, and make a genuine effort to resolve the dispute").

The Court does note that one Fifth Circuit district court found that "the plaintiff's limited attempt to confer with the defendants' counsel" via a single letter did satisfy the requirements of Rule 37; however, that case is easily distinguishable. *See Barcosh, Ltd. v. Dumas*, No. 08–92–JVP–SCR, 2008 WL 4286506, at *2 (M.D.La. Sept. 18, 2008). In making its ruling, the *Barcosh* Court focused on the rare circumstances surrounding the limited attempt at conferral, as the plaintiff had demonstrated that defendants were unwilling to produce discovery responses in a related matter, which had been previously ordered for production by the court. *Id.* Thus, the court was confident that the discovery dispute could not be resolved. *Id.* The present case contains no such parallel circumstances.

Based on the forgoing case law, Plaintiff's single letter unilaterally identifying flaws in Defendant's discovery responses and setting an arbitrary response deadline for Defendant would seem to be inadequate, as it does not equate to a good faith conferral or attempt to confer. Additionally, Plaintiffs assertion that its letter constitutes its good faith "attempt to confer" does not rectify its failure to satisfy Rule 37, because it appears as though this quoting of the statutory language is what *Shuffle Master* and the other above mentioned district court opinions were wary of.

### iv. Reasonable Expenses and Attorney's Fees

As stated above, Rule 37 further provides that a moving party may recover reasonable expenses incurred in making a discovery motion, including attorney's fees.[4] However, those expenses are conditioned on the Court's granting of the motion or on the nonmovant's production of the requested discovery after the motion was filed. Fed.R.Civ.P. 37(a)(5)(A). The Court is explicitly forbidden from awarding such expenses if the movant filed the motion without first making a good faith attempt to obtain the discovery without court intervention. Fed.R.Civ.P. 37(a)(5)(A)(i). Accordingly, Plaintiffs request for expenses and attorney's fees must be denied.

### II. CONCLUSION

The Court recognizes that it is entirely possible that Plaintiff previously engaged in a number of communications with Defendant in an attempt to resolve the discovery dispute, but failed to put those facts presently before the Court. Or perhaps at another time since filing the instant motion, such as during Defendant's scheduled October 19, 2012 deposition, Plaintiff was able to engage in meaningful discussions with Defendant which would suffice to meet the good faith conferral standard required by Rule 37. Perhaps those discussions have since led to an impasse which actually necessitates the Court's intervention. However, the Court can only rule on the facts before it. On its face, Plaintiffs motion must fail. Thus, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

Finally, the Court understands Plaintiff's frustrations if, in fact, Defendant is withholding relevant documents that are within his possession or is not adequately responding to other forms of written discovery. That frus-

---

4. The Court also wants to remind Plaintiff that the Fifth Circuit requires parties to provide the Court with the necessary documentation supporting its request for reasonable expenses and attorney's fees. *See Tollett v. City of Kemah*, 285 F.3d 357, 364–65 (5th Cir.2002) (referencing its prior ruling, which required remand, because the district court's original award was not supported by any evidence of expenses and attorney's fees).

The language of Rule 37 provides that only the expenses and fees caused by the failure to comply may be assessed against the noncomplying party. *Id.* at 364. An affidavit of movant's counsel can serve as proof of the amount to be awarded, but this affidavit must be consistent with the Fifth Circuit's use of the "lodestar" method for calculating attorney's fees. *Id.* at 367.

tration could likely be compounded by the fact that Defendant has also refused to respond to the present motion. The Court further notes that the discovery deadline in this matter is November 13, 2012, and seeks to ensure that the litigation proceeds efficiently and is not unnecessarily delayed. As such, the parties are ORDERED to telephonically confer regarding the substance of the instant motion by November 9, 2012. The Court WILL FURTHER SET a hearing at 10:00 a.m. on November 14, 2012, in case these issues are not resolved during the upcoming court-ordered conference. If the underlying matters are resolved, the parties should notify the Court before November 14, 2012 that the hearing is not necessary.

IT IS SO ORDERED.