*Harleysville Worcester Ins. Co. v. Evergreen Roofing, LLC*, No. 43-1-13 Cncv (Toor, J., Nov. 10, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN CIVIL DIVISION

| | |
|---|---|
| HARLEYSVILLE WORCESTER INSURANCE COMPANY, <br> Plaintiff <br> v. <br><br> EVERGREEN ROOFING, LLC et al., <br> Defendants | Docket No. 43-1-13 Cncv |

## RULING ON MOTION TO COMPEL

Plaintiff seeks to compel discovery from defendant Federal Insurance Company. Rule 37 of the Vermont Rules of Civil Procedure permits motions to compel when, as alleged in this case, a party has failed to respond to document requests. V.R.C.P. 37(a) (2). Rule 26 states, however, the following:

> No motions pursuant to Rule[] . . . 37 shall be filed unless counsel making the motion has conferred with opposing counsel or has attempted to confer about the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

V.R.C.P. 26(h). If a motion is subsequently filed, the moving party is required to include "as part of his or her motion papers, an affidavit or a certificate of a party's attorney subject to the obligations of Rule 11 certifying that he or she has conferred or has attempted to confer with counsel for the opposing party," and has been unable to resolve the dispute. Id. The affidavit "shall set forth the date or dates of the consultation with opposing counsel, and the names of the participants." Id.

In this court's view, expressed repeatedly over many years, good faith efforts require a certification that the moving party has *talked* to the other side, or made adequate attempts to do so. Ideally, it means meeting in person. A substantive telephone call is also sufficient. At a

1

minimum, the court requires a certification that reasonable attempts have been made to contact the opposing party by telephone. Other courts construing the equivalent federal rule have so held. *See, e.g.*, <u>Martin v. Nevada Div. of Ins.</u>, 2014 WL 1917703, * 2 (D. Nev. 2014)( "Writing a letter to opposing counsel with no attempt to meet personally . . . falls woefully short of the concept of 'personal consultation.'"); <u>Compass Bank v. Shamgochian</u>, 287 F.R.D. 397, 399 (S.D. Tex. 2012)(moving party must "actually attempt a meeting or conference."); <u>Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.</u>, 1998 WL 67672 *2-3 (S.D.N.Y. 1998)("The meet-and-confer requirement mandates that parties actually 'meet, in person or by telephone'")(citation omitted); <u>Shuffle Master, Inc. v. Progressive Games, Inc.</u>, 170 F.R.D. 166, 172 (D. Nev. 1996)("conferring" requires "a personal or telephonic consultation during which the parties engage in meaningful negotiations").

While the court is certainly aware that emails and text messages have overtaken much of what used to be telephone calls or meetings, the court still believes in the value of actual human contact. The talking can be on the phone or in the same room, and might be most effective over a cup of coffee or some stronger drink, but the court leaves the particulars to counsel.[1] Nonetheless, the court does require direct voice contact.

Order

The motion to compel is denied.

Dated at Burlington this 7th day of November, 2014.

_____<br>Helen M. Toor, Superior Court Judge

---

[1] *See* Peter F. Langrock, <u>Breaking Bread</u>, 7 Vermont Bar Journal at 30 (Vol. 31, No. 2, Summer 2005)("It is hard to break bread with opposing counsel one night, and then return to the courtroom the next day in a belligerent mood. Belligerence has little place in the courtroom, and the socialization of libations and food goes a long way in undermining such tensions.").